## MOSES *vs.* WATSON.

1. A bill in equity was brought by a married woman against a manufacturing company, her husband as her trustee, two non-residents, and their attorney in Georgia. It alleged that stock of the company was held by her trustee, that he, without her knowledge, transferred the certificate in blank to pay his own debts, that the transfer was to one of the non-residents, who has since transferred to the other, and the latter holds for his benefit or for his creditors, that their attorney had the certificate in his hands, and had notified the company not to pay dividends to her, although the certificate (which also contained power to transfer stock on the books) showed the trust on its face, thus interfering with her rights. The object of the bill was to enjoin the payment of dividends to the attorney, to have the certificate delivered up, her trustee removed, and a new certificate issued to her:

*Held*, that the bill was not demurrable for want of equity, or for misjoinder of the attorney with the company.

2. The superior court of the county of the company had jurisdiction, although the attorney lived in another county.

3. It appearing that one of the non-residents had died, and no representative of the estate being made a party, and the other had not been served, but that their attorney in this state, who was in possession of the stock certificate, had been served, there was no error in allowing the case to proceed to final decree.

Equity. Jurisdiction. Practice in the Superior Court. Before Judge CRAWFORD. Muscogee Superior Court. November Term, 1879.

Mrs. Watson filed her bill, alleging, in brief, as set out. in the first head-note and the decision. Moses pleaded to the jurisdiction, alleging that he was a resident of Fulton county, while the bill was filed in Muscogee. The plea was overruled. He then demurred to the bill for want of equity and because he was not connected with the relief prayed for against the manufacturing company. The demurrer was overruled. Complainant suggested the death of one of the non-residents, and dismissed the bill as to him. It was also shown to the court that the other non-resident (the last transferee of the stock) had never been served, but that his attorney, Moses, who held the certificate of stock, had been served. The court allowed the case to proceed to final decree, which was in favor of complainant. Defendant, Moses, excepted.

R. J. MOSES, by brief, for plaintiff in error.

PEABODY & BRANNON, for defendant.

JACKSON, Justice.

This was a bill filed by Mrs. Watson against the Columbus Manufacturing Company, of Muscogee county, her husband as her trustee, and Brooks and Statesberry non-residents of this state, and Moses their attorney at law, a resident of Fulton county. It alleges that a certificate of certain stock of the company, held by her husband as her trustee, is now in possession of Moses, as attorney for the non-resident defendants, who has notified the company not to pay her dividends thereon; that the certificate of stock was transferred in blank by her husband without her knowledge and consent for his own indebtedness to those parties; that it showed on its face that

her husband held it in trust for her, and the prayer is that Moses, who holds the certificate thus transferred in blank and with power to transfer it on the books of the company, be decreed to deliver up the certificate, and that the company issue another certificate to her in her own right on the removal of her trustee, for which she prays. To this bill Moses demurred, and the court overruled the demurrer.

The grounds of demurrer are, that the party has a complete remedy at law as to Moses, by suing him in trover in Fulton county, and not forcing him to litigate in Muscogee, and that he is not connected with the company, or the prayer against it.

1. We think that the bill has equity in it against both defendants, against the company, because it seeks to enjoin the payment of dividends on the transferred stock, and the issue of new stock by it to the complainant, and against Moses, because he has the certificate, and by his notice has deprived complainant of the use of her stock; and that both are so connected that complete relief cannot be given without making both parties in equity. The parties that Moses represents are beyond the jurisdiction of the court; he has the certificate fraudulently transferred by the trustee, it will be in his hands a cloud on her title—to say the least—and she has the right in the same proceeding to remove it and get the unclouded stock transferred to her with a new certificate issued to herself—her trustée being removed, as she also prays in her bill.

2. So also in regard to the plea to the jurisdiction. It was properly overruled; because substantial relief was prayed against the company in Muscogee, and therefore Moses could be brought there.

3. Nor do we find that the court was wrong in permitting the complainant to proceed and have a final decree, when Brooks was dead and no representative of his estate made a party, and when Statesberry, being a non-resident, was not served.

The process of the court could reach neither Brooks' representative nor Statesberry. Moses, their counsel, had the certificate in Georgia, in his possession; the subject-matter of the suit was here, and the decree for the complainant is right on the facts, which do not seem to have been contested. 40 *Ga.*, 408; 27 *Ga.*, 336; 55 *Ga.*, 546; 14 *Ga.*, 342; 19 *Ga.*, 130; Code, §3151.

Judgment affirmed.