[No. 9980. Department Two. — May 15, 1888.]

I. H. THOMPSON ET AL., RESPONDENTS, v. FRANK WILLIAMS ET AL., APPELLANTS.

76   153
96    83
76   153
a130 348

CORPORATION — MEETINGS OF DIRECTORS — ADJOURNED MEETING WHEN SPECIAL — NOTICE OF MEETING — INVALID ASSESSMENT. — Where a regular meeting of the directors of a corporation, from which some of the members are absent, is adjourned to a future day, the hour of which is not fixed, the meeting held on the day to which the adjournment was had is a special meeting, of which notice is required to be given to the absentees at the regular meeting. If no such notice be given, an assessment levied at the adjourned meeting, in the absence of the former absentees, is invalid.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought by the plaintiffs, stockholders in the People's Ice Company, a corporation organized and existing under the laws of California, to restrain the defendants, who were directors of the corporation, from

selling certain shares of the capital stock of the corporation belonging to the plaintiffs, under an alleged levy of an assessment claimed to have been made on the 9th of October, 1883. On and prior to the eighth day of October, 1883, the corporation had its office and place of business at No. 414 O'Farrell Street, in the city and county of San Francisco. Its by-laws provided, *inter alia*, that regular meetings of the directors, of whom there were five, should be held on the second Monday of October of each year, without notice. On the 8th of October, 1883, the second Monday of the month, three of the directors, the defendants in this action, met at the office of the company, and resolved the removal of the company's office from 414 O'Farrell Street to 314 Mission Street, in said city and county, and adjourned to meet at that place on the 9th of October, 1883. They did so, and at the meeting so held levied the assessment in question. Two of the directors of the corporation were not at either meeting, and no notice of the adjourned meeting was given to them. Judgment was rendered in favor of the plaintiff, enjoining the sale of the stock, from which the defendants appealed. The further facts are stated in the opinion of the court.

*Estee & Wilson*, and *James Wheeler*, for Appellants.

*Cowdery & McCutchen*, for Respondents.

THORNTON, J.—Each director must have special notice of the regular meetings of the board of directors of the corporation defendant, unless provision is made in the by-laws for such meetings. (Civ. Code, sec. 320.) Conceding that the provision in the by-laws was sufficient to give notice to the directors of the regular meeting of the 8th of October at 414 O'Farrell Street, and that the removal of the office resolved at that meeting to 314 Mission Street was valid, still, as it does not appear that the hour of the day on the 9th of October on

which the adjourned meeting was to be held on the last-named day was fixed at the meeting of the 8th, and no notice of such adjourned meeting was given the directors Allen and Thompson, who were not at the meeting on the 8th, we must hold the assessment levied at the meeting on the 9th was levied substantially without notice and without authority. To hold that the adjourned meeting of the 9th, the hour of which was not fixed or declared by the meeting of the 8th of October, was a part of the meeting of the board of the 8th, and therefore no further notice of it was required, would be to sanction an evasion of the law in regard to notice to the directors of the meeting of the board. An inspection of the minutes of the meeting of the 8th would give no information to the directors not attending that meeting of the time to which that meeting had been adjourned. In fact, it does not appear that the board as a board ever did fix the hour on the 9th at which the adjourned meeting was to be held; and as it does not so appear, we must, in construing the facts as found, hold that the board on the 8th did not fix the hour at all. Under these circumstances, we cannot hold that the meeting on the 9th, at which the assessment was levied, was anything more than a special meeting, of the calling of which the non-attending directors, Allen and Thompson, had no notice or knowledge of any kind. The assessment was therefore levied without authority, and was a nullity. (See *Manufacturing Co.* v. *Vassault,* 50 Cal. 534.) The judgment must be affirmed.

So ordered.

McFARLAND, J., and SHARPSTEIN, J., concurred.