[Sac. No. 905.     Department One. — May 28, 1901.]

## HERBERT KRAFT CO. BANK, Appellant, v. BANK OF ORLAND et al., Respondents.

CORPORATIONS — VOID ASSESSMENT — ACTION RELATING TO STOCK SOLD — STATUTE OF LIMITATIONS — CONSTRUCTION OF CODE. — Section 347 of the Civil Code, and subdivison 2 of section 341 of the Code of Civil Procedure, relating to the limitation of actions to recover stock sold for delinquent assessments in cases of irregularity, have no application to an action relating to stock sold under a void assessment, which the corporation had no power to levy or enforce.

ID. — INSUFFICIENT SUBSCRIPTION OF STOCK — DISCRIMINATING ASSESSMENT. — If one fourth of the capital stock of the corporation has not been subscribed, its directors have no power to levy an assessment; and an assessment levied upon certain of the shareholders, and not upon others, is invalid.

ID. — REMEDIES OF STOCKHOLDER — SUIT IN EQUITY. — A stockholder wrongfully deprived of his shares under a void assessment may either sue the corporation in trover for the value of the shares, or may apply for a *mandamus* to the corporation to compel it to open its books and allow the registry, or to pay damages if registry is impossible, or he may sue in equity to vacate the sale, and to have the shares sold ordered to be delivered up and canceled, and for other relief. A court of equity has jurisdiction to give full relief to the stockholder in such case.

ID. — SUIT IN EQUITY BY PLEDGEE — ASSIGNMENT OF CERTIFICATES — PRAYER FOR GENERAL RELIEF. — A pledgee of the stock, to whom the certificates were assigned as security, has the right to maintain a suit in equity against the corporation and the purchasers of the stock at the void sale, and, where the facts alleged warrant it, may, under the prayer for general relief, have the sale vacated, and his rights in the stock, and to any dividends due thereon, enforced.

ID. — CAPACITY OF PLAINTIFF — UNTENABLE OBJECTION. — Neither the corporation nor the purchasers at the void sale can be heard to object that the pledgee plaintiff has not the capacity to maintain the action.

APPEAL from a judgment of the Superior Court of Glenn County. Oval Pirkey, Judge.

The facts are stated in the opinion.

R. E. Ragland, and E. A. Bridgford, for Appellant.

Frank Freeman, and Charles L. Donohoe, for Respondents.

COOPER, C.—This is an appeal from the judgment, for the purpose of reviewing the order sustaining defendants' demurrer to the amended complaint.

It is alleged that one W. R. Hall, being indebted to one Kraft in the sum of three thousand dollars, on or about·the twenty-sixth day of January, 1896, caused to be issued to said Kraft, to secure the said indebtedness, a certificate of seventy shares of the capital stock of defendant bank, and that, thereafter, to further secure the said sum, said Hall assigned to said Kraft thirty additional shares of said capital stock. The said stock was of the face value of one hundred dollars per share. That subsequent to the transfer by said Hall to said Kraft of the said shares of stock, as security, the said Kraft assigned the indebtedness due him by Hall, and the said stock so held as security, to plaintiff, and "said one hundred shares of stock were taken as aforesaid, by said plaintiff, and have ever since been and now are held by it as a pledge, as aforesaid, to secure said indebtedness"; that there had been issued by defendant bank one thousand shares of its capital stock; that defendant bank, on the eighteenth day of May, 1898, "levied, or pretended to levy, an assessment upon said one thousand shares of subscribed stock, of $32.637 per share"; that notice of said assessment was regularly published, the assessment was not paid, the defendant bank, through its directors, made an order that said one hundred shares, and other shares upon which the assessment was delinquent, should be sold at public auction, and accordingly, on the twenty-fifth day of July, 1898, the said one hundred shares so held by plaintiff as security were sold to defendants Nelson and Scearce, and a new certificate issued to them; that the capital stock of defendant bank is five hundred thousand dollars, divided into five thousand shares, of the par value of one hundred dollars each, of which only one hundred thousand dollars has been subscribed, and that one fourth of the capital stock has not at any time been subscribed; that defendant bank never intended to, and did not, collect the said assessment upon any other stock except that so held by this plaintiff, and that said assessment was not uniform, and was intended as a means of enforcing an indebtedness due by Hall, the original owner of the said one hundred shares, to the defendant bank; that the defendants allege and claim that defendants Nelson and Scearce are the owners of,

CXXXIII. Cal.—5

and hold the only title to, said one hundred shares of stock; that said Nelson and Scearce are and at all times were directors of defendant bank; that defendant bank refuses to recognize this plaintiff as the holder of said stock, or to permit it to enjoy any of the privileges or benefits of a stockholder of defendant bank.

The demurrer was upon several grounds, but we will discuss those only upon which defendants rely. We must presume that all the facts set forth in the amended complaint are true.

1. It is claimed that the action is barred by the provisions of section 347 of the Civil Code, which is as follows: "No action must be sustained to recover stock sold for delinquent assessments, upon the ground of irregularity in the assessment, irregularity or defect of the notice of sale, or defect or irregularity in the sale, unless the party seeking to maintain such action first pays or tenders to the corporation, or the party holding the stock sold, the sum for which the same was sold, together with all subsequent assessments which may have been paid thereon, and interest on such sums from the time they were paid; and no such action must be sustained unless the same' is commenced by the filing of a complaint and the issuing of a summons thereon within six months after such sale was made"; and by subdivision 2 of section 341 of the Code of Civil Procedure, which provides that an action must be commenced within six months "to recover stock sold for a delinquent assessment, as provided in section 347 of the Civil Code."

It is said that the court below sustained the demurrer upon this ground. We do not think the action was barred under the, provisions herein quoted. This is not an action to recover the stock sold. Neither is the action for the purpose of recovering damages for its conversion.

Section 347 of the Civil Code applies only where the action is for the recovery upon the ground of irregularity in the assessment, irregularity or defect in the notice of sale, or defect or irregularity in the sale. The assessment in this case was not an irregular assessment merely, but a void one. If one fourth of the capital stock had not been subscribed, the defendant bank had no power to levy the assessment. (Civ. Code, sec. 331; *San Bernardino I. Co.* v. *Merrill*, 108 Cal. 492; *Ventura etc. Ry. Co.* v. *Hartman*, 116 Cal. 262.) An assessment upon

certain of the shareholders, and not upon others, is invalid. (Morawetz on Private Corporations, secs. 154, 305; *Kohler* v. *Agassiz*, 99 Cal. 15.)

2. It is claimed that the complaint does not state facts sufficient to constitute a cause of action. The main argument under this head is, that the complaint states a cause of action in equity, in the nature of an action to quiet title to personal property. We are not inclined to view the complaint in so strict a technical sense. It may not be a model of pleading, but it states the facts, so that we know the points relied upon by the pleader. The prayer of the complaint asks for such relief as to the court may seem proper. If the facts are proven as alleged, we think the court would have no trouble in determining the relief that is usual and proper in such cases.

It is said in Morawetz on Private Corporations (sec. 208): "Upon the same principle, it has been held repeatedly that if shares in a corporation are transferred upon the books without the consent of the holder, under a forged assignment or power of attorney, the real owner is not thereby divested of his rights as shareholder, and is entitled to have his shares replaced upon the books, and to recover any dividends which may have accrued upon them. If the corporation refuses to recognize the real owner as a shareholder, or refuses to deliver him a new certificate of shares when entitled thereto, he may obtain specific relief by bill in equity, or may sue the company for the value of the shares."

In speaking of the remedy of a stockholder in such case it is said by Cook, in his work on Stock and Stockholders (vol. 1, sec. 390): "He may apply to a court of law for a *mandamus* to the corporation to compel it to open its books and allow the registry, or to pay him damages if registry is impossible; or he may sue the corporation at law for damages, on the ground that by its refusal it has been guilty of a conversion of his stock."

In the case of *Dewing* v. *Perdicaries*, 96 U. S. 193, it appeared that a part of the stock of the Charleston Gaslight Company was illegally sold, pursuant to a statute of the Confederate States, during the Civil War, in 1862, on the ground that it belonged to "alien enemies." In the opinion it is said: "The complainant prays that the sale may be vacated; that the certificates still outstanding issued to the purchasers and their assignees may be declared invalid, and ordered to be delivered

up and canceled. . . . The complainant had a clear right, on account of the cloud cast upon his title, and of the injury otherwise special to himself, of which he complained, to be heard upon his bills. The entire subject and the necessary parties being before the court, and the court having jurisdiction for one purpose, might well take and exercise it as to everything involved in the controversy."

There is no doubt of the authority of a court of equity to give a stockholder relief in such case as is here alleged. (*Western Union Tel. Co.* v. *Davenport*, 97 U. S. 369; *Pratt* v. *Taunton Copper Mfg. Co.*, 123 Mass. 110;[1] *Pollock* v. *National Bank*, 7 N. Y. 274;[2] *Moses* v. *Watson*, 65 Ga. 198; *Baker* v. *Wasson*, 53 Tex. 155.)

It would be strange if a court of equity in such case could not grant relief. The plaintiff has a right to the stock held by it, and to dividends upon it, if any such are paid. The defendant bank will not be allowed to levy an assessment without authority, and sell the stock under such void assessment to its own directors, and refuse to allow plaintiff in any way to enjoy the privileges of a stockholder. It is true, plaintiff could have brought a suit for damages for conversion, but it was not compelled to do so. It has the right to retain the security it holds, unimpaired by any wrongful acts of the corporation.

3. The plaintiff has the right to maintain the action, as pledgee of the stock.

The certificates were assigned to plaintiff. Such certificates are recognized as the evidence of right and ownership, and certainly confer the right upon the holder to protect his special interest therein. Suppose the pledgor of plaintiff has fled from the country, and cannot be served with process; can it be that the plaintiff is unable to enforce its rights, or to receive the income from the property it holds as a pledge? We do not think the defendant bank and the purchasers at the void sale can be heard to say that plaintiff has not the capacity to maintain the action.

The judgment should be reversed and the cause remanded, with directions to the court below to overrule the demurrer to the complaint and allow defendants a reasonable time to answer.

Haynes, C., and Gray, C., concurred.

---

[1] 25 Am. Rep. 37.                    [2] 57 Am. Dec. 520.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer to the complaint and allow defendants a reasonable time to answer.

Harrison, J., Garoutte, J., Van Dyke, J.