[Civ. No. 224. First Appellate District.—September 4, 1907.]

FRANCESCA RUCK, Respondent, v. CALEDONIA SIL-
VER MINING COMPANY, Appellant, and A. KRAUSE
et al., Respondents.

CORPORATIONS—ASSESSMENT UPON STOCK—INVALIDITY—PLACE OF PAY-
MENT NOT SPECIFIED.—Section 334 of the Civil Code states in posi-
tive terms what an order levying an assessment upon the stock
of a corporation must contain, and requires that it must specify
where the assessment is payable, and if no place of payment is
specified therein, the order is void.

ID.—FORFEITURE—PROCEEDINGS STRICTLY CONSTRUED—POWER OF COURTS.
The proceedings by which the property of a stockholder is declared
forfeited, without suit or personal notice, must be strictly con-
strued, and all the conditions precedent to such forfeiture must
substantially exist, and the courts have no power to dispense with
any one of such conditions.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Wm. P. Humphreys, and R. H. Morrow, for Appellant.

Orrin K. McMurray, for Plaintiff-Respondent.

Wilbur G. Zeigler, for Defendants-Respondents.

COOPER, P. J.—This action was brought to recover of defendant corporation five hundred shares of its capital stock, or in case a recovery cannot be had, for the value thereof. Findings were filed, upon which judgment was entered for plaintiff. This appeal is from the judgment, on the judgment-roll alone.

The findings show that at all the times mentioned in the complaint the plaintiff was the owner of said five hundred shares of capital stock; that at a meeting of the directors of defendant corporation held on June 5, 1902, the following resolution or order, levying an assessment, was passed, to wit:

"Resolved, that an assessment of fifteen cents per share be and the same is hereby levied upon the capital stock of the Caledonia Silver Mining Company, payable immediately to the secretary, and any stock upon which this assessment shall remain unpaid on the 9th day of July, 1902, will be delinquent and advertised for sale, at public auction, and unless payment is made before, will be sold on Wednesday, the 30th day of July, 1902, to pay said delinquent assessment, together with the cost of advertising and expenses of sale."

Notice of said assessment was either personally served upon each stockholder or else in lieu thereof a notice was deposited in the United States postoffice addressed to each stockholder, and published at least once a week for four successive weeks in two newspapers of general circulation, all as required by law. There is no question as to the notices so given being in proper form, and published and served as required by law, but the record does not show that plaintiff ever received personal notice of the assessment.

The assessment on the stock of plaintiff was not paid, and after due publication of delinquency and notice of sale, the said stock was sold to defendant Krause on the thirtieth day of July, 1902, for the amount of the said assessment and costs, and the said shares of stock were transferred upon the books of the defendant corporation to said Krause in pursuance of said sale. In December, 1902, the plaintiff tendered to defendant corporation, and also to defendant Krause, the sum for which the said stock was sold, with interest thereon from the date of sale, and at the same time offered to pay the amount of any other assessments, with the interest thereon, and the amount of any expenses which defendants had

incurred, together with a proper fee or charge for making any transfer of the stock on the books of the corporation, and demanded a transfer of said stock to plaintiff, but the defendant corporation then refused, and ever since has refused, to receive the amounts so tendered and offered to be paid, or to make any transfer of the said stock to plaintiff. Plaintiff, although claiming that the said sale of stock was unauthorized, offered to do what was equitable and right at the time of making a demand for said stock. It was held by the trial court that the assessment, as made by the board of directors, was void, and hence that all subsequent proceedings thereunder were void, and that for this reason the sale did not devest the title of plaintiff to her stock. This presents the sole question in the case.

Section 334 of the Civil Code, which is part of the corporation's charter, provides as follows: "Every order levying an assessment must specify the amount thereof, when, to whom, and where payable; fix a day subsequent to the full term of publication of the assessment notice, on which the unpaid assessments shall be delinquent, not less than thirty nor more than sixty days from the time of making the order levying the assessment; and a day for the sale of delinquent stock, not less than fifteen nor more than sixty days from the day the stock is declared delinquent." The above-quoted section states in positive terms what *must* be specified in the order levying the assessment. It is there stated that the order must specify where the assessment is payable. We look in vain for any such specification in the order. It states the assessment is payable to the secretary, but his residence, office or place of business is not mentioned. He may, for aught that appears, have been absent from the state. We cannot speculate as to whether or not the plaintiff could have been injured by the omission in the order. The proceedings by which the property of a stockholder is declared forfeited, without suit, or personal notice of any kind, must be strictly construed. All the conditions precedent to such forfeiture must exist. Courts have not the power to dispense with any one of such conditions. The legislature has said that the order must specify where the assessment is payable, and it is not for us to eliminate the provision for any reasons which might appeal to us. It is said that the stockholder could easily have ascertained the business office

of the secretary, or the place where the assessment was payable. If the order had omitted the amount of the assessment, or the person to whom it was payable, or any other matter required, it might with equal force be urged that the stockholder could have ascertained by inquiry the amount of the assessment, the person to whom it was payable, and any other omitted matter. Such construction would leave the law as to the validity of an assessment in a sea of uncertainty. No lawyer could advise his client as to whether or not an assessment is valid, because he could not by any possible means guess what omission the court would say was harmless. To require the order levying the assessment to comply with the statute in its essentials is to leave the rule plain so that everyone may understand it. We do not mean that an assessment would be declared void if it did not literally follow the language of the code, but it must contain the substance of every requirement therein. It is the rule, well established by the authorities, that proceedings in regard to the levy of an assessment and sale of the stock of a shareholder of a corporation for a delinquent assessment are *in invitum*. The right must come from the law or the charter, and can only be legally exercised in the manner provided by the law, or by the charter. The reason for a strict construction in such case is that the sale, if regular and founded upon a valid assessment, forfeits the stock, and equity has no power to relieve from such forfeiture. In *Johnson* v. *Lyttle's Iron Agency*, L. R. 5 Ch. Div. 687, where notice of an assessment call demanded payment of interest from the day of the call instead of from the day fixed for the payment, as the law required, Mellish, Lord Chief Justice, said: "I think that if the notice departs in any respect from the statutory form, it is impossible for us to go into the question how much it departs. It is a bad notice, and the subsequent resolution, which is founded upon it, is invalid. It is the established rule of the Court of Chancery and of the Courts of Common Law, that no forfeiture of property can be made unless *every* condition precedent has been strictly complied with. A very little inaccuracy is as fatal as the greatest."

In *Northampton Mut. Livestock Ins. Co.* v. *Stewart,* 39 N. J. L. 486, the company brought an action to enforce an assessment. The charter required that a notice of the levy of

the assessment should be published in two newspapers of the county. It was not shown that such publication was made, but it was contended that personal notice of the assessment was given. The court said: "The fact, even, that personal notice of the assessment was served by the company upon the defendant is not sufficient to answer his objection."

In *Germantown Pass. R. Co.* v. *Fitler,* 60 Pa. St. 130, [100 Am. Dec. 546], the court, speaking through Justice Sharswood, said: "We must look to the charter for the power of the directors to forfeit the stock. No doubt the power given must be strictly pursued, and if any restrictions or limitations therein provided have been disregarded, the alleged act of forfeiture must be declared invalid."

In *San Bernardino Ice Co.* v. *Merrill,* 108 Cal. 493, [41 Pac. 487], our own supreme court said: "The plaintiff seeks to recover the amount of the assessment, not by virtue of any contract of subscription on the part of defendant, but solely by virtue of the obligation against him, which is created by the statute, and hence a strict observance of the statutory mode and provision is essential to its recovery."

The following authorities support the conclusion we have reached in principle: 1 Cook on Stockholders, 5th ed., sec. 129; *Morris* v. *Metalline Land Co.,* 164 Pa. St. 326, [44 Am. St. Rep. 614, 30 Atl. 240]; *Wescott* v. *Minnesota Min. Co.,* 23 Mich. 145; *Raht* v. *Sevier Min. Co.,* 18 Utah, 290, [54 Pac. 889]; *Tomlin* v. *Tonie and P. R. Co.,* 23 Ill. 429; *Hughes* v. *Antietam Mfg. Co.,* 34 Md. 316; *Portland S. and P. R. Co.* v. *Graham,* 11 Met. (Mass.) 1; *Sparks* v. *Liverpool Water Works Co.,* 13 Ves. Jr. 428.

Appellant insists that *American Pastoral Co.* v. *Gurney,* 61 Fed. 41, lays down a different rule, and holds that the time and place of payment of an assessment need not be stated in the order. In that case the plaintiff was a corporation existing under the laws of the kingdom of Great Britain and Ireland. Section 11 of its charter provided: "The directors may, from time to time, make such calls upon the members, in respect of moneys unpaid on their shares, as they may think fit, but twenty days' notice at the least shall be given of each call; and each member shall be liable to pay the amount of calls so made to the persons, and at the times and places appointed by the directors." It is plain, upon inspection, that the call in that case did not have to

specify the time and place of payment. The time and place were to be appointed by the directors. This was evidently the view taken by the court, for in the opinion it said: "Under these articles it seems clear to me that when the directors, being duly convened, determined that there was need for making an assessment upon the unpaid portions of the shares of the company, and fixed the amount of the assessment, and the time for the payment thereof, they did all that was necessary to constitute a valid call." In other words, in that case the directors did all that the charter required, and hence the call was valid. In the case at bar the directors did not make the order as the statute says it must be made.

The judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.