[Civ. No. 413. First Appellate District.—March 11, 1908.]

HENRY J. RAISCH, Appellant, v. M. K. & T. OIL COMPANY et al., Respondents.

CORPORATIONS—POWER OF DIRECTORS TO LEVY ASSESSMENTS UPON STOCK—MEETINGS OF BOARD—STRICT PURSUANCE OF LAW.—An assessment upon the capital stock of a corporation can be levied by its board of directors only at a regular meeting, or at a special meeting regularly called. The proceedings by which the stock of a stockholder is to be forfeited must be strictly pursued; and the right to levy an assessment can only be legally exercised in the manner provided by law or by the charter of the corporation.

ID.—BY-LAWS—CODE PROVISIONS—INVALID ADJOURNMENT OF REGULAR MEETING—VOID LEVY OF ASSESSMENT.—Where the by-laws of the corporation provide for a regular monthly meeting of directors at a fixed time, and for notice to all of the directors of every other meeting, the code provisions are applicable making the majority of the directors a quorum, and making no act done valid unless a quorum is present; and a minority of the directors present at a regular meeting cannot legally perform the act of adjourning such meeting to a fixed date. When a bare majority of the directors present at such adjourned meeting, without notice to the

other directors thereof, assumed to levy an assessment upon the capital stock, such assessment is without authority of law, and void.

ID.—ACTION TO RECOVER STOCK ILLEGALLY SOLD—PLEADING—VALUE AND INJURY NOT ALLEGED—PRESUMPTION—OFFICE OF DIRECTORS.—In an action by a stockholder to recover 46,900 shares of stock illegally sold under such void assessment, it was not necessary for the complaint to allege the value of the stock, or that the plaintiff had been injured. It will be presumed that it had some value; and where it appears that plaintiff was a director of the corporation, without notice of the meeting at which the void assessment was levied, and not participating therein, its reissuance to him will at least entitle him to hold the office of director, to which he was elected, and also to participate in the meetings of the stockholders.

ID.—ESTOPPEL OF CORPORATION.—The defendant corporation will not be allowed to acquire the title to plaintiff's entire corporate stock through an illegal sale, under a void assessment, and hold it for the alleged reason that it does not appear to have any value.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Wal. J. Tuska, for Appellant.

Wm. R. Davis, for Respondents.

COOPER, P. J.—The court sustained a demurrer to the plaintiff's second amended complaint, and upon the plaintiff declining further to amend judgment was entered for defendant. This appeal is prosecuted from the judgment, and the plaintiff claims that the complaint states facts sufficient to constitute a cause of action, and that the court erred in sustaining the demurrer thereto.

The facts necessary to an understanding of the question to be decided may be briefly stated as follows: The defendant is a corporation duly organized and having a board of five directors, which, during the times the acts complained of were committed was composed of this plaintiff, David M. De Long, George D. Metcalf, George Schmidt and R. A. Jackson. Plaintiff was the owner of 46,900 shares of stock. The by-laws of the corporation provided that the regular meetings of the board of directors should be held on the

last Saturday of each month, and that each director should
receive a notice, personal or otherwise, of all meetings called
for any other time than the regular meeting.   On Saturday,
April 30, 1904, which was the day of the regular meeting
of the directors pursuant to the by-laws, only Metcalf and
Jackson were present, and an entry was caused to be made
in the minutes as follows: "No quorum.   Adjourned to May
7, 1904, at 2 p. m.   Attest, R. A. Jackson, Secretary."   On
said May 7th, at the hour named, Metcalf, Jackson and
Schmidt met in the office of defendant without previous no-
tice, personal or otherwise, of such meeting to plaintiff, or
to any other director than the three who were present, and
without plaintiff's knowledge or assent, levied the assess-
ment of five cents per share on each and every share of the
capital stock of the corporation, this being the assessment
claimed to be void in this case.   Under the assessment
as so made, and not otherwise, the defendant sold the said
46,900 shares of stock belonging to plaintiff, becoming the
purchaser itself, and after such sale it refused, and ever
since has refused, to recognize the plaintiff as a stockholder
or director of the corporation.

The question in the case is as to whether or not the as-
sessment was valid; and this depends upon whether or not
the meeting at which the levy was made was a regular meet-
ing.   It is not claimed that any special meeting had been
called, or that any notice had been given of a special meeting
in any manner.

An assessment upon the capital stock of a corporation can
be levied by a board of directors only at a regular meeting,
or at a special meeting regularly called.   (*Thompson* v. *Will-
iams,* 76 Cal. 155, [9 Am. St. Rep. 187, 18 Pac. 153]; *Hard-
ing* v. *Vandewater,* 40 Cal. 78.)   The proceedings by which
the stock of a stockholder of a corporation is declared for-
feited must be strictly pursued.   The right to levy an as-
sessment can only be legally exercised in the manner pro-
vided by law or by the charter of the corporation.   (*Ruck*
v. *Caledonia Silver Mining Co.,* 6 Cal. App. 356, [92 Pac.
194]; *Herbert Kraft Co. Bank* v. *Bank of Orland,* 133 Cal.
64, [65 Pac. 143].)   If a minority of a board of directors
can adjourn a regular meeting where no quorum is present
to a time and place named, and thus make such adjourned
meeting a regular meeting, then the assessment in question

was valid; otherwise not. If Metcalf and Jackson could adjourn the regular meeting of April 30, 1904, to May 7th, and procure Schmidt to be present at that time, thus making a quorum, without notice to the other directors, and then pass a valid order of assessment, every other director could have done the same thing—that is, either one of them could have adjourned the meeting. Of course, if a quorum had been present on April 30, 1904, the regular meeting could have been adjourned to any day and hour, and such adjourned meeting would have been a regular meeting and not a special one; but no quorum was present, and hence the regular meeting could not be adjourned because there was no regular meeting. The time had arrived for the regular meeting, but only a minority of the directors was present; such minority could not adjourn the meeting for the simple reason that it had nothing before it but the by-laws fixing the time and place for the regular meeting and the fact that at such time and place there was no meeting and only two directors present. The law contemplates that the directors shall all have notice of each and every meeting. If it is the regular meeting, the by-laws fix the time and place; if it is an adjourned meeting, the directors are each in law presumed to know what they have done at a regular meeting; and if it is a special meeting, the notice of time and place of holding such meeting must be given. If such were not the rule, and if the meeting could be adjourned (as in this case) without notice, serious injury might result. Some unforeseen reason might prevent a quorum of directors from attending. Two of the directors, with improper motives, might adjourn the meeting for one day, and procure one other director, who might be either not well informed or easily influenced, and with the aid of such third director, and with no notice to the other directors, pass upon matters of grave importance to each and every stockholder.

The code provides that the corporate powers, business and property of all corporations must be exercised, conducted and controlled by a board of directors; that a majority of the directors is a sufficient number to form a board for the transaction of business; and that every decision of a majority of the directors forming such board, made when duly assembled, is valid as a corporate act. (Civ. Code, sec. 308.) It is provided that "Unless a quorum is present and act-

ing, no business performed *or act done* is valid as against the corporation.'' (Civ. Code, sec. 305.) The adjournment was an act done, and hence, under the express provisions of the code, it was not a valid act. It is significant in this connection that there is no provision of the code to which our attention has been called authorizing a meeting of the directors of a corporation to be adjourned by a minority. In the very chapter in which it is provided that unless a quorum is present and acting no act done is valid as against the corporation, we find a provision that if, at a stockholders' meeting, there is not present a majority of the subscribed stock or of the members, the meeting may be adjourned from day to day or from time to time, such adjournment and the reasons therefor being recorded in the journal of proceedings of the board of directors. (Civ. Code, sec. 312.) Counsel have been unable to cite us to any authority, either in this state or elsewhere, directly in point. We have examined the cases cited, but find nothing to aid us in the solution of the question involved here. We therefore conclude there was no power in the minority of the board of directors to adjourn the time of holding the regular meeting, and that the assessment was levied without authority, and is therefore void.

It was not necessary in this case for the complaint to allege the value of the stock, or that the plaintiff had been injured. We will presume that 46,900 shares of the capital stock of the defendant had some value; at least it entitled the plaintiff to hold the office of director of the corporation to which he had been elected, and to participate in the meetings of the stockholders. Defendant corporation will not be allowed to acquire the title to plaintiff's entire corporate stock through an illegal sale under a void assessment, and then hold it for the alleged reason that it does not appear to have any value. It is not analogous to a case in which a stockholder is suing for damages for an illegal conversion of his stock. Here the plaintiff is asking to have the illegal sale set aside; 46,900 shares reissued to him; and that he be restored to his rights as a stockholder.

The judgment is reversed.

Kerrigan, J., and Hall, J., concurred.