DAVISON-JOSEPH CAMPAU REALTY COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97366. Promulgated March 29, 1940.

*Victor W. Klein, Esq.*, and *Elorion Plante, C. P. A.*, for the petitioner.

*W. W. Kerr, Esq.*, for the respondent.

## OPINION.

LEECH: The two issues submitted are: (1) Whether petitioner is entitled to any credit under the Revenue Act of 1936, section 26 (c) (1),[1] the amount of the credit not being contested, and (2) whether petitioner is entitled to deduct from gross income for the taxable year the actual amount of interest accrued on its indebtedness in that year, despite a deduction of a lesser amount on its return for the year.

The inquiry upon which decision of the first issue rests is whether the bylaw of the petitioner, quoted in the findings of fact, supported by the quoted resolution of the directors, is "a written contract executed by the corporation" within the meaning of section 26 (c) .(1) of the Revenue Act of 1936.

This provision grants credits, under certain conditions. As such, it is to be strictly construed. *Helvering* v. *Inter-Mountain Life Insurance Co.*, 294 U. S. 686; *Crane-Johnson Co.* v. *Commissioner*, 105 Fed. (2d) 740, affirming 38 B. T. A. 1355.

A bylaw of a corporation may be defined as a rule or regulation established by the corporation as one of the incidents of its existence, for its internal government or for the government of its officers or members in the management of its affairs as among themselves. *Hayes* v. *Canada, Atlantic & Plant S. S. Co.*, 181 Fed. 289. The general rule is that a proper bylaw may operate *as* a contract and thus bind the shareholders in their relations with each other and with the corpora-

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.

tion. *Columbia Building & Loan Association* v. *Jungquist*, 111 Fed. 645; *New England Trust Co.* v. *Abbott*, 162 Mass. 148; 38 N. E. 432; *Burden* v. *Burden*, 159 N. Y. 287; 54 N. E. 17; *Commissioner* v. *Vandegrift*, 232 Pa. 53; 81 Atl. 153. It has been held to be "in effect" a contract between the different members of a corporation. *Bushway Ice Cream Co.* v. *Bean Co.*, 284 Mass. 239; 187 N. E. 537. The shareholders may thus be bound in their relations with the corporation and with each other by a reliance upon the existence of that law or declared policies of the corporation. But a bylaw seems to us to lack the essence of a formal contract in that it is "adopted" and not "executed." There is only one party, the corporation, acting through its stockholders, to the adoption of the law and the declaration of its policy. It thus becomes a part of the fundamental law of the corporation. *Commissioner* v. *Vandegrift, supra.*

In the *Crane-Johnson* case, *supra*, the Circuit Court, in affirming 38 B. T. A. 1355, said:

We are here considering a tax law, and the question is not whether for any purpose a charter or a state law may be treated as a contract, but rather whether they together may be considered a written contract executed by the corporation within the meaning of Section 26 (c) (1) of the Revenue Act of 1936. * * * Clearly, this provision relates to a corporate undertaking to discharge a certain obligation out of earnings, and not to any *statutory* provisions. * * * [Emphasis supplied.]

We think that any contract existing here by virtue of the bylaw was in the nature of an implied contract, which arose, not from any statutory obligation, it is true, but from a similar obligation imposed by the "law" of the corporation. But, there was no "written contract executed by the corporation" within the meaning of the cited section, preventing the payment of dividends. *Crane-Johnson Co.* v. *Commissioner, supra.*

In our judgment, the wording of the resolution of the board of directors supports this conclusion in that it declared the "policy" of the corporation in reference to the payment of dividends. *Cheney* v. *Canfield*, 158 Cal. 342; 111 Pac. 92 (1910).

The second issue arises from the respondent's refusal to allow petitioner to correct an error made on its 1937 return in its petition.

Respondent's position on this point is not clear. He contends that petitioner employs a nonpermissible "hybrid" system of accounting, that there is a conflict in the evidence respecting the facts of the accounting system actually used, and that under these circumstances, the Commissioner's determination should be sustained and that petitioner should not be allowed to rectify its mistake.

We think that the only "conflict" in the evidence has been satisfactorily explained by petitioner's bookkeeper and accountant, who testified from the books that petitioner's books have always been kept on an accrual basis, that its returns, which he prepared, were always

filed on an accrual basis, and that the statement in the questionnaire on the 1936 return, that it was filed on the cash basis, and the omission to make any statement on the 1937 return, were erroneous and inadvertent. We have found that both returns were filed on the accrual basis.

It is to be noted, furthermore, that respondent has raised no objection whatever to the balance of the deduction taken for interest accrued on the mortgage, which amounts to $5,911.30.

We do not think his objections to the correction of the error are well founded. *Appeal of E. J. Barry,* 1 B. T. A. 156; *Appeal of Gutterman Strauss Co.,* 1 B. T. A. 243; *Appeal of Hickory Spinning Co.,* 1 B. T. A. 409. Accordingly, we find an overpayment of tax to the extent represented by petitioner's understatement of its deduction for mortgage interest accrued. Therefore,

*Decision will be entered under Rule 50.*