[No. 14787.    Department Two. — July 27, 1892.]

THOMAS R. MORE, ADMINISTRATOR, ETC., APPELLANT,
*v.* J. W. CALKINS ET AL., RESPONDENTS.

TRUST DEED — DECLARATION OF TRUST — POWER TO SELL AND CONVEY. —
An instrument which conveys to a grantee named therein the legal title
to property described, upon certain trusts which it declares, and which
confers upon him the power in execution thereof to sell the property
thus conveyed and transmit the legal title to his grantee, is a trust deed.

ID. — DEED TO CREDITOR TO BE PAID FROM PROCEEDS OF SALE — MORT-
GAGE. — The fact that such deed was made directly to a creditor of the
grantor as trustee, and not to a third party, is immaterial upon the ques-
tion as to whether the conveyance should be treated as a mortgage or a
deed of trust, as such question must depend upon the essential character
of the instrument as shown by its terms, and not upon whether the gran-

tee is a creditor whose debt is to be paid out of the proceeds to arise from the execution of the trust which is declared.

ID. — DEATH OF GRANTOR — REVOCATION OF POWER OF SALE — FAILURE TO PRESENT CLAIM — CANCELLATION OF DEED. — The death of the grantor does not operate as a revocation of a power of sale contained in a trust deed, or limit the effect of the deed; and the failure to present to the administrator of the deceased grantor the claims secured by it furnishes no ground for a court of equity to cancel the deed.

ID. — CONSTRUCTION OF DEED — CONSIDERATION OF PROMISE TO TRUSTEE — APPEAL — LAW OF CASE. — The construction placed upon a deed of trust by the supreme court, in its decision reversing the judgment and remanding the case for a new trial, holding that a promise to pay ten thousand dollars to the trustee, besides his debts and the reasonable expenses of his administration, was without consideration, is the law of the case, and the question of its correctness will not be considered upon a second appeal.

ID. — COMPENSATION OF TRUSTEE — REIMBURSEMENT OF EXPENSES. — A trustee, upon the close of his trust, is entitled to a reasonable compensation for his services in performing his duties under the trust deed, to be fixed by the court, unless the parties can agree in relation thereto, and is entitled to be reimbursed for all expenses incurred by him.

APPEAL from a judgment of the Superior Court of Ventura County.

The facts are stated in the opinion of the court, and in the opinion reported in 85 Cal. 177.

*Barclay, Wilson & Carpenter, L. C. McKeeby,* and *W. H. Wilde,* for Appellant.

*Wright & Day,* for Respondents.

DE HAVEN, J. — The plaintiff is the administrator of the estate of Alexander S. More, deceased, and the prayer of the complaint filed in the action is, that a certain trust deed, executed by the deceased in his lifetime, be declared void, and that defendant Calkins be enjoined from selling the land, water ditch, and water rights conveyed by said deed under the power which is given therein. The case was here before. The opinion upon the former appeal is reported in 85 Cal. 177, and the deed referred to is there set out in full.

After the decision upon the former appeal, the plaintiff filed a supplemental complaint, in which it is alleged

that the defendant did not, within the time limited by section 1493 of the Code of Civil Procedure, present the claims secured by said deed to the plaintiff as administrator of Alexander S. More, deceased, and it is averred that the same are barred by sections 1493, 1500, and 1502 of the Code of Civil Procedure.

It was further alleged in the supplemental complaint that after the commencement of the action, the defendant Calkins made a conveyance to one Merton B. Hull of all the property described in the deed executed by deceased, and that said Hull had notice of the pending action, and the plaintiff asked that Hull be made a party defendant, and for a judgment to the effect that the deed from defendant Calkins' to said Hull be canceled, and Hull compelled to convey all of said property to the plaintiff, as administrator of the estate of the deceased Alexander S. More, and that all of the claims mentioned in the deed of trust, executed by deceased to defendant Calkins, be declared barred, and that plaintiff be put in possession of all of the property conveyed by said deed. Hull appeared in the action, and joined with the other defendant in an answer to the supplemental complaint.

The judgment of the superior court was, that the deed executed by Calkins to his co-defendant Hull be canceled, and it further directed that the property conveyed to defendant Calkins by the deed of trust executed by deceased be sold, and said judgment also determined the amount which the defendant Calkins, as trustee, is entitled to retain out of the proceeds of such sale, in which amount is included the sum of ten thousand dollars, which is provided for in the deed referred to. The plaintiff appeals from the judgment.

1. The instrument which the plaintiff seeks to have set aside is a trust deed. It conveyed to defendant Calkins the legal title to the property described, upon the trusts which it declares, and conferred upon him the power in execution thereof to sell the property thus conveyed, and transmit the legal title to his grantee. (*Koch*

v. *Briggs,* 14 Cal. 257; 73 Am. Dec. 651; *Bateman* v. *Burr,*
57 Cal. 480; *Thompson* v. *McKay,* 41 Cal. 221.)

It is not material that in this case the conveyance was
made directly to Calkins, who was a creditor, and not to
a third party. Whether the conveyance is to be treated
as a mortgage or as a deed of trust must depend upon
its essential character, as shown by its terms, and not
whether the grantee is a creditor whose debt is to be
paid out of the proceeds to arise from the execution of
the trust which is declared. In *Thompson* v. *McKay,* 41
Cal. 221, the deed was upon a trust to sell or lease the
premises conveyed, and after making certain deductions
to apply the proceeds to the payment of a promissory
note executed by the grantor in favor of the grantee,
and the court said, in declaring the legal effect of this
deed: "That the deed from Gowen to Hill conveyed the
fee, and that Hill had the power, in execution of the
trust, to transmit the legal title to a purchaser, is too
plain for debate."

2. The death of the grantor did not operate as a revo-
cation of the power of sale contained in the deed under
consideration, or in any manner limit the effect of the
deed, and this being so, the failure to present to the
administrator of deceased the claims secured by it fur-
nishes no ground for a court of equity to cancel the
deed. (*Whitmore* v. *San Francisco Savings Union,* 50
Cal. 146.)

As the deed made by plaintiff's intestate requires no
judicial foreclosure, and the powers and trusts therein
declared are in full force, it follows that sections 1493
and 1502 of the Code of Civil Procedure, prescribing
the time within which claims must be presented against
the estate of a deceased person, and section 1500 of the
same code, allowing an action for foreclosure of a mort-
gage, without presentation of such claim, only "when
all recourse against any other property of the estate is
expressly waived in the complaint," have no application
to the case before us, and the right of the defendant to
execute the powers conferred by the deed, and apply the

proceeds arising therefrom to the payment of the debts and charges named in the deed, is not dependent upon a compliance with these sections.

3. The deed provides that out of the proceeds of the sale of the property thereby conveyed, the defendant Calkins shall pay,—"1. The reasonable expenses of the management of said lands and property, and of the execution of these trusts; 2. To the said J. W. Calkins the sum of fifteen thousand dollars, with interest thereon at the rate of ten per cent per annum, together with the additional sum of ten thousand dollars, which the party of the first part hereby agrees to pay the party of the second part, without interest," etc. The court below, in its decree, allowed to the defendant this last-named sum of ten thousand dollars, without interest, and its action in this respect is assigned as error.

The provision of the deed just quoted was under consideration by this court upon the former appeal, and was construed as follows: " The fact that it appears upon the face of the instrument that payment for all loans and advances, *and compensation for all services*, with extraordinary interest, is provided for, exclusive of the promise to pay ten thousand dollars without interest, tends to corroborate the averment that there was no consideration for the promise to pay the ten thousand dollars. *But for the presumption that there is a consideration for every promise in writing, there would appear to be no consideration for the promise to pay the ten thousand dollars without interest.*"

The construction thus placed upon the deed has become the law of the case, and the question of its correctness is not open to consideration upon this appeal. (*Table Mountain Co.* v. *Stranahan*, 21 Cal. 548.) And in view of what was thus said by the court on the former appeal, we think the court was not justified in allowing to the defendant Calkins this sum of ten thousand dollars. The court found in relation to the consideration for this promise to pay this sum as follows: " That the said trust deed, and every part thereof, was and

is supported by a good and valid consideration received by said Alexander S. More, in the execution of said trusts, and that the item of ten thousand dollars mentioned in said deed of trust was a part of the entire transaction, and was a bonus or consideration, in addition to interest on the money provided to be advanced, for the use and benefit of said Alexander S. More, and as part of the consideration for furnishing of the money in said deed of trust provided, and for the services to be rendered and the obligations assumed, as set forth in said deed of trust." In this the court does not find that the defendant Calkins was to furnish any other money, or assume any other obligations, or render any other services, than appears from the deed itself. But if it be true, as the court held on the former appeal, "that payment of all loans and advances, and compensation for all services, with extraordinary interest, is provided for, exclusive of the promise to pay the ten thousand dollars," it necessarily follows that unless the promise to pay this ten thousand dollars is founded upon some other consideration than the express agreement of defendant Calkins to furnish the money and assume the other obligations and duties provided for in the deed of trust, the promise to pay this sum must be held to be without consideration, if the law as declared in the former opinion is to be followed; for it was in view of the fact that the court construed the deed as providing in other parts for the payment of everything which the court below finds that defendant was to furnish in the way of money, and for the rendition of all his services as trustee, that upon the former appeal this court said: "But for the presumption that there is a consideration for every promise in writing, there would appear to be no consideration for the promise to pay the ten thousand dollars, without interest."

As already stated, we are not, upon this appeal, at liberty to review the former opinion, and place upon the deed under consideration any other construction than was given to it there.

The defendant, upon the close of his trust, is entitled to a reasonable compensation for his services in performing his duties as trustee under the deed, and is entitled to be reimbursed for all expenses incurred by him. The compensation will have to be fixed by the court, unless the parties can agree in relation thereto.

The finding of the court as to the amount which defendant Calkins is entitled to retain out of the proceeds of the sale of the property conveyed by the trust deed is not questioned, except as to the item of the ten thousand dollars, already discussed, — that is, his right to retain all the money found due him, except this ten thousand dollars, is not denied, unless he lost his right to retain the same by a failure to present his claim therefor to the executor of the deceased. Nor is there any other objection made to the judgment itself. Under these circumstances, it is not necessary that there should be any new trial of the action.

Judgment reversed and cause remanded, with directions to the superior court to modify its judgment in accordance with this opinion, by striking therefrom the allowance to defendant Calkins of the said sum of ten thousand dollars, and providing in place thereof that he be allowed a reasonable compensation, upon the settlement of the trust, to be fixed by the court.

McFARLAND, J., and SHARPSTEIN, J., concurred.