# Southern Building & Loan Association *v.* McCants.

*Action against a Mortgagee to recover the Statutory Penalty for Failure to enter Payment on Record.*

1. *Trust deed; not included in statute imposing penalty for failure to enter payment on margin of record.*—A conveyance which is from the grantor to a trustee upon a declared trust to sell the property conveyed for the payment of a certain named creditor's debt, if not paid according to the contract, and to apply the proceeds to such payment and to convey the title to the purchaser, is a deed of trust and not a mortgage within the meaning of the statute, which imposes a penalty upon a mortgagee or his assignee, who, upon written request after payment, fails to enter the fact of payment on the margin of the record of the mortgage (Code of 1896, § 1066; Code of 1886, § 1869); and, therefore, the refusal of the beneficiary in such deed of trust, upon request, after payment of the debt secured thereby, to enter the fact of payment on the margin of the record of the deed of trust does not subject such person to the statutory penalty.

APPEAL from the City Court of Talladega.

Tried before the Hon. JOHN W. BISHOP.

This action was brought by the appellee, J. S. Mc-

Cants, against the appellant, the Southern Building & Loan Association, to recover the statutory penalty of two hundred dollars, for failure to satisfy on the margin of the record of a deed of trust executed by the plaintiff and his wife to secure the indebtedness of plaintiff to the defendant, after having been requested by the plaintiff, in writing to do so.

The complaint originally filed contained two counts. The first count was stricken from the file at the request of the plaintiff. The second count averred the execution by the plaintiff of a written obligation for the payment of one thousand dollars to the defendant, dated April 12th, 1892, which is set out therein, and is, in substance, a bond in the sum of one thousand dollars made by the plaintiff and payable to the defendant six years after date ; reciting that the same was given on a loan to the plaintiff under his application and on ten membership shares in said association. It also sets out a copy of a written instrument made by the plaintiff and his wife to a trustee, April 12th, 1892, to secure such indebtedness, the same being made by the plaintiff and wife to Joseph Martin, as trustee, and his successors, conveying the property therein described to such Martin, as such trustee, and his successors, to secure the indebtedness evidenced by said note or bond owing to the defendant, containing full powers of sale and for foreclosure, given to said trustee. The deed also provides for the appointment of a substituted trustee of the Southern Building and Loan Association in the event of the death, resignation or removal of said Joseph Martin. Said count also avers that William H. Moore was regularly substituted as trustee, and the defendant executed and delivered to the plaintiff its release and discharge of said deed of trust and a quit claim deed to the land therein conveyed to the plaintiff, reciting the full payment of the indebtedness secured by said deed of trust ; such release and discharge being set out in full in the complaint, showing an acknowledgment of the full payment of such indebtedness, and being a quit claim deed to such property to the plaintiff ; the same being executed on October 6th, 1896, by the defendant and by William H. Moore, substituted trustee, and being duly acknowledged as a deed.

It is further averred that on December 9th, 1896, the plaintiff requested in writing the defendant to enter the fact of payment and satisfaction of said mortgage or deed of trust on the margin of the record, and that the defendant failed to make such entry within three months.

To the second count the defendant demurred, among others, upon the following grounds: 1. Said count does not show that the plaintiff ever executed to the defendant a mortgage. 2. Said count shows that the instrument executed by the plaintiff was a deed of trust. 3. For that the deed of trust therein set out is not such a mortgage as that the failure to mark payment or satisfaction of the debt therein secured after demand, as in said complaint alleged, imposes a penalty on this defendant or entitles plaintiff to maintain this action. This demurrer was overruled, and to this ruling the defendant duly excepted.

The defendant filed two special pleas, to which demurrers were sustained, and issue was joined on the plea of the general issue.

Upon the trial of said cause, the plaintiff introduced in evidence the deed of trust, a copy of which was set out in the complaint, executed by the plaintiff and wife to Joseph Martin, as trustee, to secure the plaintiff's indebtedness to the defendant hereinbefore described. The defendant objected to the introduction of such conveyance in evidence, on the ground that the same was a deed of trust and not a mortgage. The court overruled such objection and admitted the same in evidence, to which ruling the defendant duly excepted.

The plaintiff also introduced the release and discharge of such indebtedness and of said deed of trust executed by the defendant and W. H. Moore, the substituted trustee, on October 6th, 1896, a copy of which was set out in the complaint. To the introduction of this paper there was no objection. Plaintiff also introduced in evidence a letter of defendant dated October 6th, 1896, acknowledging receipt of $374.62 balance, in discharge of his indebtedness to the association; also enclosing original note and deed of trust, abstract of title, policy of insurance, together with the release from the association

to him ; and also introduced in evidence a certain check certified by the cashier of the Isbell National Bank for $374.62 dated October 3d, 1896, which was duly marked paid and endorsed by the defendant. Of the fact of payment of the indebtedness secured by the deed of trust, there was no dispute.

Plaintiff also introduced in evidence a copy of a letter written by him to defendant December 9th, 1896, demand having been made for the production of the original. Such letter was in substance a request to enter the fact of payment and satisfaction on the margin of the record in the probate office of Talladega County, Ala., of that certain mortgage executed by him, dated April 19th, 1892, and recorded in said probate office Book of Mortgages, No. 17, pages 507–510. The defendant objected to the introduction of such letter by a a copy thereof upon several grounds of objection, numbered from one to seven inclusive, being in substance, that there was no mortgage from plaintiff to defendant, but a deed of trust made by the plaintiff to Joseph Martin as trustee ; that in said letter the alleged mortgage is described as being dated April 19th, 1892, and the deed of trust described in the complaint and offered in evidence is dated April 12th, 1892; that in such letter a demand is made on the defendant to enter the fact of payment or satisfaction of the alleged mortgage on the margin of the record thereof and said association is not the mortgagee in said instrument or deed of trust, but Joseph Martin, trustee therein, is the mortgagee in said conveyance, and such letter was not addressed to said Joseph Martin or any substituted trustee.

It was also shown by the evidence that such letter was written and request made after a release and re-conveyance was made by W. H. Moore, substituted trustee in said deed of trust to plaintiff, of the property described in said deed of trust ; also that said letter was not written to any trustee in said deed of trust, either Joseph Martin, original trustee, or W. H. Moore, substituted trustee, but as is shown by the plaintiff's testimony was addressed and mailed to the defendant alone. The court overruled all of such objections and each ground of said objections, and admitted said letter in evidence, to which ruling of the court the defendant duly excepted.

There were introduced in evidence several letters which passed between the plaintiff and the defendant and the plaintiff's attorney and the defendant. It is, however, unnecessary to set these letters out in detail.

The cause was tried by the court without the intervention of a jury. Upon the introduction of all the evidence, the court rendered judgment in favor of the plaintiff for the sum of two hundred dollars. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WHITSON & GRAHAM and LAWRENCE COOPER, for appellant.—The statute under which this action is brought is highly penal.—Code of 1886, § 1869; Code of 1896, § 1066. It is well settled that "to recover a statutory penalty the party complaining must bring himself within the letter of the statute, for such statutes are strictly construed."—*Grooms v. Hannon*, 59 Ala. 512; *Postal Tel. Co. v. Lenoir*, 107 Ala. 640; *Russell v. Irby*, 13 Ala. 131; *Bettis v. Taylor*, 8 Port. 564; *Jarratt v. McCabe*, 75 Ala. 326; *Scott v. Field*, 75 Ala. 419; *Jones v. Brooks*, 30 Ala. 588.

In an action to recover a statutory penalty, the statute must receive a literal construction, and the defendant is not to be subjected to a penalty unless the words of the statute plainly impose it.—*Tiffany v. Nat. Bank of Missouri*, 18 Wall. 409.

The instrument involved in this case is a deed of trust and the property was conveyed to Joseph Martin as trustee to secure the plaintiff's indebtedness to defendant. A trustee is thus defined: "A person to whom some estate, interest or power in or affecting property of any description is vested, for the benefit of another."—2 Bouvier's Law Dic. 755. The defendant was the *cestui que trust* or beneficiary in said instrument. A *cestui que trust* is thus defined: "He for whose benefit another person is seized of lands or tenements, or is in possession of personal property."—1 Bouvier's Law Dictionary, 296. An important distinction between a mortgage conveying the property directly to the creditor, and a deed of trust conveying the same, is thus laid down in

[Southern Building & Loan  Association v. McCants.]

Jones on Mortgages, § 62: "The only important difference between them is, that in one case the conveyance is directly to the creditor, while in the other, it is to a third person for his benefit." And he also defines a deed of trust, of the character as that involved in this case, as a deed of trust in the nature of a mortgage. The action for the penalty should be brought against the person who has the power, legally, to discharge the mortgage, whether he be the mortgagee or assignee or other holder of the mortgage.—Jones on Mortgages, § 990.

KNOX, BOWIE & DIXON, contra.

SHARPE, J.—Deeds of trust have grown into common use along with mortgages as a form of security for debt, and it is probably because of that fact that the terms mortgage and deed of trust are sometimes used interchangeably. At least one decision as to their identity appears in *Wolfe v. Dewees*, 13 S. & M. 103, where a statute relating to the satisfaction of mortgages upon the record, but without a penalty, was under consideration, and it was held by the court that "a deed of trust is but a species of mortgage, and is included by the statute." This was inaccurately said, however, for the two terms are not synonymous even when used in reference to security for debt; and that a substantial difference exists as between the two classes of instruments has been pointed out in numerous adjudications. The distinction was well drawn in an opinion by Chief Justice FIELD, of California, in the case of *Koch v. Briggs*, 14 Cal. 257, (71 Am. Dec. 651), where a conveyance similar to the one described in this complaint was under consideration, and the question was presented whether it was a mortgage within the meaning of a statute providing that "a mortgage of real property shall not be deemed a conveyance whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale." It was there said of the instrument: "It has no feature in common with a mortgage except that it was executed to secure an indebtedness. This

will be evident from a consideration of the rights of parties to a mortgage with reference to the mortgaged property. Where there is a mortgage there is a right after condition broken to a foreclosure on the part of the mortgagee and a right of redemption on the part of the mortgagor. * * * These two rights are reciprocal. When the one cannot be enforced the existence of the other is denied, and when either is wanting, the instrument, whatever its resemblance in other respects, is not a mortgage." It was further shown in the opinion that under such a conveyance equity could not decree a strict foreclosure or a foreclosure by sale in the proper sense of the term, and that its interposition to effectuate the sale of the property could only be by way of enforcing or aiding the performance of the trust. That case was followed in *Grant v. Burr*, 54 Cal. 298, and quoted with approval in *Moore v. Calkins*, 95 Cal. 435 (29 Am. St. Rep. 128), and in *Merritt v. Hurley*, (So. Dak.), 55 Am. St. Rep. 859.

In *More v. Calkins, supra*, it was said in effect, that the test in determining whether a conveyance securing a debt is to be treated as a mortgage is not whether the grantee is the creditor or a third person, since it may be to the creditor but with such trusts declared as to prevent its operation as a mortgage. And in *Merritt v. Hurley, supra*, it was held that the conveyance may be to a third person and yet a mortgage by appropriate provisions leaving no trust to be executed by the third person. It would be impracticable to lay down a test which would in all cases serve to distinguish between such instruments in construing statutes relating to, since a statute which is purely remedial admits of a more extended application of its terms than does a statute which is penal. This statute here in question is highly penal, and must be strictly construed.—*Grooms v. Hannon*, 59 Ala. 510 ; *Jarratt v. McCabe*, 75 Ala. 325 ; *Scott v. Field*, 75 Ala. 419. It may be stated generally, as applicable to this statute, that if the conveyance be to a third person upon a declared trust to sell and convey the property in default of and for the payment of the debt secured, it is a trust deed and not a mortgage. *Koch v. Briggs, supra* ; *Grant v. Burr, supra* ; *Gillespie v.*

[Kentz v. C ty of Mobile.]

*Smith*, 29 Ill. 473 ; *Reese v. Allen*, 5 Gellman (Ill.) 236.

This conveyance is from appellee to a trustee upon a declared trust to sell the property for the payment of appellant's debt if not paid according to the contract, and to apply the proceeds thereto and to convey the title to the purchaser. It is not a mortgage within the terms or meaning of the statute, and it follows that the demurrer to the second count of the complaint should have been sustained, and that the deed of trust should have been excluded from the evidence. As this view of the case is conclusive against the plaintiff's right to recover, the assignments of error need not be further noticed.

The judgment of the city court must be reversed, and a judgment here rendered that the defendant, the appellant in this court, go hence without day, and that it recover of the appellee its costs in this behalf expended.