[S. F. No. 10263. In Bank.—October 10, 1923.]

FIRST FEDERAL TRUST COMPANY (a Corporation), Plaintiff and Respondent, v. LOUIS SANDERS, as Executor, etc., Defendant and Appellant; A. J. SABATH, etc., Defendant, Cross-complainant and Respondent.

[1] MORTGAGE — DEED — DEFEASANCE — CONSTRUCTION.—Where on the same date that a grant, bargain, and sale deed was executed, and as part of the same transaction, the parties to the deed executed an agreement designated an "Agreement to reassign," which recited that the property described in the deed had been conveyed to the grantee and that said "assignment," meaning the deed, "was and is and at all times has been made and intended to secure" the grantee in the payment of a promissory note and another sum, and which further recited a desire and intention of the grantee to reassign, transfer, and convey to the grantor the property therein described upon the payment of said promissory note, and that upon payment of said note and said other sum the property would be reconveyed, and that in the event of a failure to make the payments as therein provided "that the said real property be sold at public auction after ten days' written notice," the proceeds to be applied upon the payment of the note, the agreement between the parties was an ordinary defeasance and the transaction constituted a mortgage, namely, a deed given as security for the performance of an obligation.

[2] ID. — FORECLOSURE — APPEAL — SPECIFICATIONS OF ERROR — SUFFICIENCY OF—FINDINGS.—In an action to foreclose a mortgage in which a cross-complainant set up several instruments found by the trial court to constitute a deed of trust, the specification in the bill of exceptions that the evidence was insufficient to justify the finding that the claim of the cross-complainant was not barred by the statute of limitations, and the further specification that the decision was against law because of the erroneous conclusion that the said instruments constituted a deed of trust, were sufficient specifications of error to warrant consideration on appeal of the question whether such instruments constituted a deed of trust, where such question was incidental to the finding of the trial court as to the bar of the statute of limitations.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Reversed.

The facts are stated in the opinion of the court.

Jos. C. Meyerstein for Appellant.

Platt Kent for Respondent.

WILBUR, C. J.—This is an action for the foreclosure of a mortgage. A decree was rendered foreclosing the mortgage and no question is made upon the validity of the mortgage or the judgment foreclosing the same other than that arising out of the answer and cross-complaint of A. J. Sabath. This defendant by way of cross-complaint set up his rights growing out of the assignment to him of a note and the accompanying mortgage or deed of trust and prayed that the validity of his claim should be established and that upon the sale of the property the amount of the indebtedness due upon the note secured by the mortgage or deed of trust be paid to him from the proceeds of the sale.

Louis Sanders, the owner of the mortgaged property subject to the administration of the estate of his deceased wife, Pauline Sanders, in his capacity as executor and as an individual appealed from that portion of the judgment establishing the validity of the claim of A. J. Sabath.

The main question inolved upon the appeal is whether or not the instrument under which A. J. Sabath claims was a deed of trust or a mortgage, it being conceded by the respondent that if the obligation securing the note held by him was a mortgage, that the claim is barred by the statute of limitations, and that the judgment in his favor was erroneous. It is claimed, however, that the instrument in question was a deed of trust and not a mortgage and we will direct our attention to that claim.

On February 4, 1914, Louis Sanders executed a grant, bargain, and sale deed in the ordinary form to Moore & Scott Iron Works, a California corporation, the grantee therein, purporting to convey to Moore & Scott Iron Works the property involved in this action, in consideration of the sum of $3,423.11.

On the same date and as a part of the same transaction the parties to the deed executed an agreement designated as an "Agreement to reassign." In this agreement it was recited that the property described in the deed had been conveyed by Louis Sanders to the Moore & Scott Iron Works

and that said "assignment," although absolute on its face, "was and is and at all times has been made and intended to secure the said party of the first part in the sum of $3,423.11, together with a sum not exceeding $1000 for labor and materials furnished the Western Reclamation Company"; and recited a desire and intention of the grantee in the deed to reassign, transfer, and convey to the grantor the real property therein described upon the payment of a certain promissory note for $3,423.11 set out in the last-mentioned agreement; and it was therein agreed that upon the payment of said sum and the further sum not exceeding $1,000 as above mentioned, the property would be reconveyed to the original grantor. It was further agreed that in the event of a failure to make the payments as therein provided "that the said real property be sold at public auction after ten days' written notice" and the proceeds be applied upon the payment of the note.

[1] This agreement between the parties was an ordinary defeasance and the transaction constituted a mortgage, namely, a deed given as security for the performance of an obligation. It is to be noted that nowhere in the deed or in the defeasance was there any statement that the title was to be held in trust by the grantee in the deed nor is the instrument of defeasance characterized as a declaration of trust, or the deed itself characterized as a conveyance in trust.

The situation is similar to that dealt with by this court in the case of *Godfrey* v. *Monroe,* 101 Cal. 224 [35 Pac. 761]. There a deed of trust had been executed by the owner of the land and subsequently the owner and the trustee joined in a conveyance to the Los Angeles Improvement Company and as a part of the transaction an agreement was entered into between the three parties, "the terms of which states that the party of the first part, by and with the consent of his trustee, *to secure payment* of an indebtedness amounting to the sum of eleven thousand eight hundred and sixty-five dollars and fifty-five cents, evidenced by notes and orders, had caused to be conveyed to the third party the property described in the deed of trust of September 24, 1886." It was agreed that the property should be sold and out of the proceeds the indebtedness in question should be paid and thereupon the balance of the unsold property was to be deeded to the original owner. The transaction was held by

this court to be a mortgage with the power of sale. It was there said: "If there be any doubt as to whether an instrument was intended as a mortgage or a deed of trust, such doubt should be resolved in favor of a mortgage with the power of sale. The intervention of a trustee is not always, but is generally, a serious inconvenience and expense." In *Booth* v. *Hoskins,* 75 Cal. 271 [17 Pac. 225], a quitclaim deed had been executed by the owner of the property there involved and was made to J. H. Hoskins and contemporaneously therewith an agreement was entered into that when the owner had repaid to the grantee the sum of $408 the property should be reconveyed to the owner. It was held that this transaction constituted a mortgage. The court upon that subject stated as follows: "The defeasance, contemporaneously, shows beyond doubt that it was made to secure the payment of a sum of money loaned by the grantee to the grantor and payable at a future day, with interest. In such a case a deed absolute is held to be and is treated as a mortgage. (*Farmer* v. *Grose,* 42 Cal. 169, *Montgomery* v. *Spect,* 55 Cal. 352.)"

The respondent relies upon the case of *More* v. *Calkins,* 95 Cal. 435 [29 Am. St. Rep. 128, 30 Pac. 583], as authority for the proposition that the transaction here involved constituted a deed of trust and not a mortgage. In that case, as in others, it was held that although the conveyance was made directly to the creditor it could nevertheless be a deed of trust, but an examination of the deed which is set out in full in 85 Cal. 177, 184, 185 [24 Pac. 729, 731], where a previous appeal of that action was considered, shows that the deed was one in trust, so expressed upon the face of the conveyance as follows:

"To have and to hold the aforesaid lands, rights, easements, contracts, claims, demands, and other property hereby conveyed, assigned, or transferred to the party of the second part, his successor or successors and assigns, upon the trusts and confidences and subject to the powers hereinafter expressed, to wit:—"

Among the powers enumerated in this deed was the right to manage this property, hypothecate it, sell it from time to time, and apply the proceeds to the expenses of the management of the lands and the property and the execution of the trust and to pay to J. W. Calkins, the grantee, the sum of

$15,000. This deed also provided that upon the payment of the full amount due to J. W. Calkins, the remainder of the property was to be transferred to the grantor.

Upon the first appeal the court did not determine whether or not the instrument was a mortgage with a power of sale or a deed of trust (see 85 Cal. 187 [24 Pac. 729]), but upon the second appeal (95 Cal. 435 [29 Am. St. Rep. 128, 30 Pac. 583]), it was decided that the instrument was a deed of trust. It was there stated: "Whether the conveyance is to be treated as a mortgage or as a deed of trust must depend upon its essential character, as shown by its terms, and not whether the grantee is a creditor whose debt is to be paid out of the proceeds to arise from the execution of the trust which is declared."

The respondent also relies upon the case of *Sacramento Bank* v. *Alcorn*, 121 Cal. 379, 383 [53 Pac. 813]. The question presented to the court in that case was whether or not there could be a trust deed executed for the sole purpose of securing a debt and making conveyances of property in the event of nonpayment of the debt. In that case the conveyance was made to a third person, but as stated in *More* v. *Calkins, supra,* it is immaterial that the conveyance be made to the creditor. There was no question in the case of *Sacramento Bank* v. *Alcorn, supra,* as to the intention of the parties to execute a trust deed, as that intent was manifest. The question involved in the case at bar is whether or not the parties did in fact intend to or did in fact execute a trust deed. An inspection of the instrument executed between the parties shows that there was nothing more passed than an absolute grant with a defeasance which is a common-law method of mortgaging property.

We conclude, therefore, that the transaction between the parties was a mortgage. In this connection it is proper to observe that the grantee in the absolute deed, the Moore & Scott Iron Works, did not execute a deed to the Chicago Bonding and Surety Company when it attempted to transfer its interest, but assigned its interest in the indebtedness to that company, which company in turn assigned the note secured by the deed and executed a quitclaim deed to A. J. Sabath, the respondent. It was apparent therefrom that the grantee in the deed did not treat it as a trust deed but rather as a mortgage.

[2] Respondent objects to the consideration of the question which we have heretofore discussed upon the ground that there is no sufficient specifications of the insufficiency of the evidence to justify the finding that the instruments in question constituted a deed of trust. This question was incidental to the finding of the trial court as to the bar of the statute of limitations, and the bill of exceptions specified that the evidence was insufficient to justify the finding that the claim of the cross-complainant was not barred by the provisions of section 337, subdivision 1, of the Code of Civil Procedure. This was the ultimate fact to which the consideration of whether or not the obligation was a mortgage or a deed of trust was germane. Furthermore, the bill of exceptions contained a specification that the decision was against law because of the erroneous conclusion that the defendant and cross-complainant is entitled to a judgment, "declaring the two instruments executed by the defendant Sanders to Moore and Scott Iron Works, on February 14, 1914, and thereafter assigned to A. J. Sabath, to be a valid and binding deed of trust securing the payment of the sum of $1848.74," etc.

The specifications of error in the bill of exceptions were sufficient.

That portion of the judgment directing that the proceeds of the sale of the property after the payment of the mortgage indebtedness of the First Federal Trust Company be paid to A. J. Sabath is hereby reversed, and the judgment in favor of A. J. Sabath is hereby reversed, and the trial court is directed to modify the judgment so that the amount received from the sale of the property over and above the claims of the plaintiff be paid to the defendant Louis Sanders, as executor of the last will and testament of Pauline Sanders, deceased, and that the judgment in favor of A. J. Sabath against Louis Sanders, be eliminated from the judgment.

Lennon, J., Kerrigan, J., Seawell, J., Waste, J., and Lawlor, J., concurred.