(138 So. 556)

**McDAVID et al. v. UNION INDEMNITY CO.**

**6 Div. 6.**

Court of Appeals of Alabama.

Oct. 27, 1931.

Rehearing Denied Nov. 10, 1931.

Wood & Hawkins, of Birmingham, for appellants.

London, Yancey & Brower and J. K. Jackson, all of Birmingham, for appellee.

BRICKEN, P. J.

Suit to recover statutory penalty for the failure to satisfy a mortgage of record.

The agreed statement of facts recites that one Barnett entered into a building contract with Law and Weir; the Union Indemnity Company guaranteeing its faithful performance. Law and Weir discharged their obligation under the contract to Barnett by assigning to him a mortgage executed by Charles J. McDavid to Law and Weir, which he in turn pledged to Schwab. Barnett failed to perform his part of the contract, and the surety company discharged their liability under the bond by paying Law and Weir approximately $1,300. The surety company purchased the pledge of the mortgage to Schwab, taking a written assignment from Schwab to London, Yancey & Brower, as trustees for the surety company.

McDavid subsequently sold the property described in the mortgage to appellants, subject to the mortgage. When the indebtedness secured by the mortgage became due, demand for payment was made on McDavid, and thereafter the plaintiffs paid the amount due, and in writing demanded a satisfaction of said mortgage of record.

The surety company attempted to satisfy the mortgage of record, but the clerk in charge of the probate office at Bessemer, where said mortgage was recorded, declined to allow the McDavid mortgage to be satisfied, assigning as the reason therefor that London, Yancey & Brower, as trustees for the surety company, did not appear as the transferees of said mortgage as a matter of record. The transfer of the McDavid mortgage from Law and Weir to Barnett and from Barnett to Schwab did not appear of record, but the instrument of purchase from Schwab to London, Yancey & Brower, as trustees, was duly recorded.

Failing in their effort to satisfy the mortgage of record, the trustees filed an affidavit for record, reciting substantially the foregoing facts and that the mortgage indebtedness had been paid.

The written notice required by statute having been given, suit was instituted to recover the penalty prescribed by statute, sections 9023, 9024, Code of 1923.

The case was tried by the court below without a jury. Judgment was rendered for appellee, and the plaintiffs below, appellants here, appeal. We are of the opinion that the court below decided the case correctly.

The appellee at no time held the legal title to the mortgage in question. It would not be subject to the statutory penalty, unless it was a cestui que trust of the deed of trust. There being no deed of trust as distinguished from a mortgage (Southern Building & Loan Association v. McCants, 120 Ala. 616, 25 So. 8), the appellee was not within the terms of the statute, which must be strictly construed (Jones on Mortgages [8th Ed.] § 1269).

Under the act providing for a branch office of the probate court at Bessemer, Local Acts Jefferson County (1929), § 735 et seq., the clerk was the representative of the probate judge. His act in this regard was the act of the judge. The refusal of the clerk to allow the mortgage to be satisfied, or to witness the satisfaction as the statute requires, section 9023, supra, exonerated appellee of liability. It cannot be held liable for a failure to satisfy a mortgage where the satisfaction was prevented by the custodian of the record of the mortgage.

Affirmed.