[Civ. No. 7923. Second Appellate District, Division Two.—September 29, 1933.]

AGATHA ORLOFF, Respondent, v. FRANK PECE et al., Appellants.

Michael Motta for Appellants.

Kiggens & Hoffman for Respondent.

CRAIG, J.—From a judgment in favor of the plaintiff in a suit in unlawful detainer after sale under a deed of trust, the defendants appealed.

The deed of the trustee recited that said sale was made by him "through his attorney". It is contended that such recital rendered the deed insufficient as *prima facie* evidence of title in the vendee, plaintiff and respondent. It is also contended that except through the authority of section 2924a of the Civil Code the sale could not be conducted by the trustee through his attorney. The appellants seek to invoke the rule announced in *Central Sav. Bank* v. *Lake*, 62 Cal. App. 588 [217 Pac. 563], wherein a recital that by proper resolution the signers of a trustees' deed had been substituted for the original trustees was held to be insufficient. This section provides: "Where by the terms

of any trust or deed of trust a power of sale is conferred upon the trustee, the attorney for such trustee may conduct the sale and act in such sale as the auctioneer for the trustee.'' The deed of trust introduced in evidence was made prior thereto and in 1927, but said sale was held in 1930. The appellants contend that to uphold the same would confer upon said section unwarranted retroactive effect. ■ To decide this point we need only hold, which we do, that without regard to the section cited a trustee may employ an agent to do the ministerial act of auctioning the property. There is nothing to indicate that the attorney did more than this, and the trustee named in the deed of trust is not claimed to have done less than its provisions required, nor is it asserted that his conveyance was defective unless prior to the enactment of the quoted section he had no power to sell through another person. ■ As far as the sufficiency of proof that Phipps, the attorney who conducted the sale, was appointed is concerned, that fact is established not only by recital in the deed but by the testimony of the trustee and his subsequent ratification by means of his execution of the deed. This evidence is amply sufficient. (*Stockwell* v. *Barnum*, 7 Cal. App. 413 [94 Pac. 400] ; *Kennedy* v. *Dunn*, 38 Cal. 339.) The appellants do not attempt to reconcile their contention with pre-existing decisions of long standing holding that ''there is abundant authority in both this and other jurisdictions to sustain the right of a trustee in employing an auctioneer to cry a sale''. (*Stockwell* v. *Barnum, supra.*)

Following defaults under the deed of trust an extension in writing was executed, upon condition that payments in arrears be made, and that future installments be met when due. It was admitted that certain of these obligations were not met. The extension agreement provided that respondent would do all things necessary to permit such refinancing. ■ Evidence as to whether or not there had been conversations between the parties prior to defaults of appellants regarding possible refinancing the first mortgage was excluded on objection by the plaintiff. However, the question to which objections were sustained did not call for answers stating any facts showing that any refinancing arrangement had been made or that respondent was called

upon to do anything in that regard. We think the rulings in question were not erroneous.

The judgment is affirmed.

Works, P. J., and Stephens, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 26, 1933.