[L. A. No. 15602.  In Bank.—June 12, 1936.]

C. W. ENGELBERTSON et al., Appellants, v. THE LOAN
    AND BUILDING ASSOCIATION OF SANTA BAR-
    BARA (a Corporation) et al., Respondents.

C. W. Engelbertson, in *pro. per.*, for Appellants.

Arch H. Vernon, Earl E. Johnson and Gilbert E. Harris for Respondents.

THOMPSON, J.—The respondents have moved to dismiss this appeal or affirm the judgment on the ground that the questions raised are without merit and so unsubstantial as not to require further argument. The action is one to quiet title and to set aside a sale under a trust deed. From a judgment in favor of the defendants the plaintiffs have appealed upon the grounds that the notice of default fails to comply with section 2924 of the Civil Code, the terms of the deed of trust were not complied with in that no notice was given by the beneficiary of the exercise of his option to accelerate the due date of the note secured, constructive fraud in the sale, failure to allege or prove recordation of the notice of default in the county where the property was situated, failure of the court to find upon the value of the property and, finally, it is asked that if the sale be held valid the plaintiffs be paid the surplus of the purchase price over the sum in default. This last point is based upon the contention that there had been no acceleration of the entire obligation.

As to the notice of default, the appellants contend that the requirement of section 2924 that the notice of default shall contain ''a statement that a breach of the obligation for which such mortgage or transfer in trust is security has occurred, . . . setting forth the nature of the breach'' is not met for the reason that the notice does not specify the amounts of the items in default. The notice specifies default as to ''the instalment of interest falling due on December 1, 1933, and all instalments of interest sub-

sequently falling due'', balance of $2.32 on the September 1, 1932, instalments of dues on building and loan shares pledged by the trustors and all subsequent instalments and ''certain sums of money advanced or expended under the terms of said deed of trust, together with interest thereon as provided in said deed of trust''. We think this sufficiently complies with the requirement that the nature of the breach be set forth. There is nothing in the section which warrants the construction that a statement of the amount of the items is required.

The notice of default also stated that the beneficiary had exercised its option and declared ''said indebtedness and all sums secured by said deed of trust immediately due and payable''. That this is a declaration of the exercise of the option to accelerate maturity of the entire obligation secured by the deed of trust is settled by *Williams v. Koenig*, 219 Cal. 656 [28 Pac. (2d) 351], and *R. G. Hamilton Corp., Ltd., v. Corum*, 218 Cal. 92 [21 Pac. (2d) 413]. This conclusion also disposes of the appellants' last contention.

The claim of constructive fraud in the sale by the trustee is founded upon sale to the beneficiary for $2,500 (the value of the property being alleged in the complaint to be $5,000), refusal to postpone the sale because of the poor market for real estate during the general economic depression, sale on insufficient notice and after a tender of the amount due. The notice has been determined to have been sufficient. The point as to tender has no merit in that it admittedly did not include the costs incurred. Mere inadequacy of price without other irregularity, unfairness or oppression is not sufficient ground for setting aside a sale legally had under a trust deed. (*Sargent v. Shumaker*, 193 Cal. 122 [223 Pac. 464].) Nor does the general depression of the market for realty bestow upon the obligor the right to demand a postponement. (*Brennan v. American Trust Co.*, 3 Cal. (2d) 635 [45 Pac. (2d) 207]; *California Securities Co. v. Grosse*, 3 Cal. (2d) 732 [46 Pac. (2d) 170].)

Since inadequacy of price is not alone ground for setting aside the sale, the failure of the court to find upon the value of the property is immaterial. Nor do we think there is any merit in the contention that the finding

that the notice of default was recorded in Santa Barbara County was unsupported by the evidence. While it is true that the answer mistakenly alleged recordation in Los Angeles County, the complaint alleged recordation in Santa Barbara County. The appellants are bound by this admission in their pleading.

The motion to dismiss the appeal is denied and the judgment is affirmed.

Shenk, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.