[S. F. No. 15454. In Bank.—November 24, 1936.]

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (a Corporation), Respondent, v. L. H. SLY, Appellant.

Gaylord & Gaylord and Robert B. Gaylord for Appellant.

Probasco & McClean, Ramsey Probasco and Cyril W. Mc-Clean for Respondent.

LANGDON, J.—This is an action for unlawful detainer following sale under a deed of trust. Judgment was rendered for plaintiff, and defendant Sly appealed.

In 1925 said defendant and his wife executed a note and deed of trust in the sum of $840,000, covering the Stanford Court Apartments, at California and Powell Streets in San Francisco. In 1932, after default in payment of principal, interest and taxes, plaintiff recorded notice of breach, posted and published notice of sale, and held the sale on May 10, 1933. Plaintiff was the only bidder, and purchased the property for $350,000. Thereafter this proceeding in unlawful detainer was commenced.

A number of technical objections to the judgment are raised by defendant, which may be briefly considered. It is first contended that the deed of trust in question does not authorize the usual nonjudicial sale, because it gives authority to the trustee to sell ''in accordance with the provisions of the laws of the State of California'', and these laws, it is asserted, provided only for a judicial sale,

prior to 1931. Such provisions as sections 2924 and 2924a of the Civil Code are said to be mere limitations, and not grants of power. There is no merit in this position. Whether an instrument is a deed of trust or a mortgage depends upon the intention of the parties, gathered from all of its provisions (*First Federal Trust Co.* v. *Sanders,* 192 Cal. 194 [219 Pac. 440]), and the terms of the present instrument are characteristically those of a deed of trust. The right to sell at a nonjudicial sale under a deed of trust has long been recognized in this state, and the obvious meaning of the instrument here is that the power of sale is given by it, but must be exercised in conformity with any limitations imposed by the statutes of this state. (See *McDonald* v. *Smoke Creek Livestock Co.,* 209 Cal. 231 [286 Pac. 693]; *Hanson* v. *Federal Land Bank,* 63 S. D. 622 [262 N. W. 228]; 41 C. J. 926].)

The second contention is that the sale was void because of the notice of sale, which called for payment ''in lawful money of the United States of America'' instead of in ''gold coin'' as provided in the note. Defendant argues that even though at the time of sale the gold coin was unobtainable and the provision was illegal by federal law, this did not excuse the giving of notice exactly as stated in the note. This point is also without merit, since a call for payment in gold coin would, if enforced, have eliminated all bidders, and the substitution of ''lawful money'' was not only in accordance with the law but of unquestioned benefit to defendant, in stimulating possible bidders. (See *Pacific States Sav. & Loan Co.* v. *O'Neill, ante,* p. 596 [61 Pac. (2d) 1160].)

Defendant also attacks the conduct of the sale by plaintiff's attorney as representative of a substituted trustee, but the terms of the instrument broadly permitted such substitution, and there is no valid objection on that ground. (See *Stevens* v. *Plumas Eureka Annex Min. Co.,* 2 Cal. (2d) 493 [41 Pac. (2d) 927]; *Orloff* v. *Pece,* 134 Cal. App. 434 [25 Pac. (2d) 484].)

Objection is finally made to the appointment of a receiver in the action on an *ex parte* application, but the evidence shows that great difficulties were experienced in attempting to locate defendant, who was absent from the city at the time. Moreover, a motion to vacate the order

appointing the receiver was made and denied, and a petition for writ of review was denied by the District Court of Appeal, and a further petition for hearing in this court on said point was likewise denied.

 Although defendant urges that the sale was for an inadequate price, in proportion to the alleged value of the property, it is settled that without proof of fraud or other fault, such inadequacy does not avoid the sale. (*Stevens* v. *Plumas Eureka Annex Min. Co., supra.*)

There being no sound legal or equitable grounds of attack on the sale, plaintiff must prevail.

The judgment is affirmed.

Edmonds, J., Shenk, J., Waste, C. J., Thompson, J., and Seawell, J., concurred.

Rehearing denied.