[Civ. No. 13589.   First Dist., Div. Two.   June 2, 1948.]

LOUISE CASTELLO et al., Appellants, v. CENTRAL EUREKA MINING COMPANY (a Corporation), Respondent.

Samuel S. Stevens, Richard E. Guggenhime, Caspar W. Weinberger, Heller, Ehrman, White & McAuliffe and Henry Attias for Appellants.

Morrison, Hohfeld, Foerster, Shuman & Clark, J. F. Shuman and J. B. Phelps for Respondent.

DOOLING, J.—Plaintiffs appeal from a judgment denying them relief. They sought by a suit in equity to set aside a forfeiture of their stock in defendant corporation, the stock having been forfeited pursuant to that portion of section 336, Civil Code (now Corp. Code, § 2708) which provides: "If no bidder offer to pay the amount due on the shares, together with the penalty of five per cent thereof, the shares shall be declared forfeited to the corporation in satisfaction of the assessment and penalty thereon."

The resolution levying the assessment was in the following language:

"Resolved, that an assessment of ten cents per share be levied on stock of record September 20, 1945, and that the following notice be mailed immediately to all shareholders:

" 'You are hereby notified that at a meeting of the directors of Central Eureka Mining Company held on September 20, 1945, an assessment No. 69 of ten cents per share was levied upon the capital stock of the company, payable immediately to Central Eureka Mining Company at Room 2012, 111 Sutter Street, San Francisco 4, California. Any shares upon which this assessment shall remain unpaid on the 22nd of October will be delinquent, and unless payment is made prior to delinquency, the said shares or as many of them as may be necessary, will be sold at the office of the company, Room 2012, 111 Sutter Street, San Francisco 4, California, on the 7th of November, 1945, at the hour of two o'clock p. m. of said day, to pay the delinquent assessment, together with a penalty of five per cent of the amount of the assessment on such shares, or be forfeited to the corporation.' "

■ It is claimed that this resolution is defective in that the directors did not specify therein to whom and where the assessment was payable nor fix a day on which unpaid assessments should become delinquent, nor the day, hour and place of sale, all as required by section 332, Civil Code (now Corp. Code, § 2701). All the required matters were included in the notice which, as a part of the resolution, the directors provided should be immediately mailed to all stockholders. This was a sufficient specification and fixing of the matters, times, places and dates to satisfy the code requirement. Nothing of substance would have been accomplished by providing in more specific language that they were "specified" and "fixed" and no one reading the resolution would have any doubt that the directors had specified and fixed them.

*Brown* v. *St. Paul Consolidated Oil Co.*, 101 Cal.App. 263 [281 P. 646], relied on by appellants, is readily distinguishable. In that case the court said of the evidence at page 268: "It utterly fails to show any agreement or action by a majority of the board . . . The testimony of neither officer measures up to that held sufficient to establish the passage of a resolution . . . ."

■ The testimony of the secretary of the corporation in the case before us sufficiently supports the finding of the court that the resolution above quoted was adopted by the directors. He testified that the resolution had been written out by the corporation's attorneys, that Mr. Prior, the president, read it to the directors and that after the reading the directors all voted to adopt it. While appellants claim that the secretary's testimony was confused and confusing as to what actually occurred the weight to be given it, in view of any contradictions or discrepancies, was entirely in the discretion of the trial court.

■ The main attack upon the proceedings leading to the forfeiture stems from the fact that the stock was listed on the San Francisco Stock Exchange and on the day of the forfeiture shares of the same stock sold on that exchange for $2.05 per share, while appellants' stock was forfeited to satisfy an assessment which with the statutory penalties amounted to only 10½ cents per share. It is conceded that every statutory step required to be taken by sections 333, 334 and 336, Civil Code (now Corp. Code, §§ 2702, 2703, 2707) was taken in strict compliance with the code requirements, and particularly that the statutory notice was served and

published exactly as required by Civil Code, section 334. Despite these facts no bidders appeared at the time and place fixed for the sale and after waiting at least one hour the secretary declared the shares of the delinquent stockholders forfeited, also in strict compliance with the provision of section 336 quoted at the outset of this opinion.

Appellants recognize that even gross inadequacy of consideration in the absence of some fraud, mistake or other inequitable conduct in the matter of the sale, is not a ground of equitable intervention. (*Sargent* v. *Shumaker*, 193 Cal. 122, 129 [223 P. 464]; *Engelbertson* v. *Loan & Bldg. Assn.*, 6 Cal.2d 477, 479 [58 P.2d 647]; *Prudential Insurance Co.* v. *Sly*, 7 Cal.2d 728, 731 [62 P.2d 740]; 25 Cal.Jur. 90.) They seek to find ground for equitable intervention in this case by asserting that the officers of the corporation had an extra-statutory duty, when no bidders appeared in response to the statutory notice, to contact the San Francisco Stock Exchange in a further effort to secure bidders. No such duty was cast upon the officers by the Legislature. It saw fit to provide the scheme for collecting delinquent assessments in the manner set out in the sections of the Civil Code above referred to and the respondent corporation, through its officers, followed every step of that statutory scheme to the letter. Where a statutory method of forfeiture has been provided and that method has been strictly followed ''equity can afford no relief from it.'' (2 Pomeroy Equity Jurisprudence (5th ed.), § 458, p. 311; 19 Am.Jur. 107; 30 C.J.S. 394.) Following this rule the court said in *Ruck* v. *Caledonia Silver Min. Co.*, 6 Cal.App. 356, 359 [92 P. 194]:

''The reason for a strict construction in such case is that the sale, if regular and founded upon a valid assessment, forfeits the stock, and equity has no power to relieve from such forfeiture.''

The question is a legislative, not a judicial, one. The Legislature having imposed the conditions precedent to a valid forfeiture the courts cannot, without indulging in judicial legislation, add other conditions of their devising to those which the Legislature has seen fit to make sufficient.

That bidders had always appeared at previous assessment sales held by respondent corporation is no ground, standing alone, for equitable intervention. The court found, on sufficient evidence, that appellants did not know of this fact or rely upon it.

The case is one of great hardship to appellants, but the respondent in good faith took every statutory step leading to the forfeiture of their stock and the forfeiture itself followed the failure of bidders to appear by reason of, and in accordance with, the provision which the Legislature had seen fit to enact for that very contingency.

The judgment appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 29, 1948. Carter, J., voted for a hearing.