[Civ. No. 17299. Second Dist., Div. Two. May 10, 1950.]

OLIVE E. BOSWELL et al., Respondents, v. MOUNT JUPITER MUTUAL WATER COMPANY (a Corporation) et al., Defendants; LENA MOSS et al., Appellants.

438

Eugene L. Wolver for Appellants.

Olive E. Boswell, in pro. per., and Theodore Rosenthal for Respondents.

MOORE, P. J.—Respondents' action was brought to obtain a judgment that they are the duly elected directors of defendant corporation and that none of the individual defendants is

a director thereof. Findings were waived and the court decreed "that the purported election of April 19, 1948, was invalid"; that the directors of the water company are Lena Moss, Arthur Moss and Manuel Moss; that the board of directors of the corporation forthwith make available to plaintiffs a list of its shareholders with the names and addresses "of all the persons to whom stock has ever been issued"; and that the board of directors of the corporation "shall call a meeting of the stockholders of said corporation for the purpose of electing a board of directors . . . within thirty days from notice of entry of judgment; that the board of directors do every act necessary so that said meeting shall be a valid meeting of the shareholders of said corporation."

It appears that at a shareholders' meeting held on April 19, 1948, nominations of directors were made and a majority of the shares present were cast for appellants and defendant Whitney. Respondents challenged the election on the ground that many shareholders of record had not received notice of the meeting. While no finding was made of the number of the outstanding shares at the time of the April meeting the record discloses that levies of three separate assessments on the stock had been attempted at special meetings; that in many instances attempts were made to cancel shares for nonpayments of such attempted levies. Thereupon the holders of such stock as had been so cancelled were not given notices of the meeting to be held on April 19, 1948. A document dated December 31, 1946, filed by defendants as an exhibit was mailed to the stockholders. From this it appears that in 1945 144 shares were cancelled leaving then 152 shares in good standing. During 1946, out of 211 shares, 123 were cancelled for nonpayment of assessments leaving only 88 shares on December 31, 1946, in good standing. In 1947 66 additional shares were issued and another assessment was attempted as a result of which 42 shares were cancelled leaving 112 shares in good standing on December 31, 1947.

But Arthur Moss, the secretary, testified that in 1947 "we sent notices to each stockholder that was in good standing as of the last assessment in 1946 . . . we could not send assessment notices to all of them because all of them had not paid their assessments in '45." He further testified to taking off the 144 who had not paid assessments in 1945, the 123 who had not paid assessment in 1946, and 42 who had not paid in 1947 and sent notices only to the rest for the April meeting, 1948.

We now turn to a consideration of the meetings of the directors to ascertain whether the levies of assessments on the stock were legally made.

## MEETING NOT REGULARLY ASSEMBLED

 The meetings of 1945, 1946 and 1947 at which the assessments were levied were special meetings and were not duly convened. It is at once evident that only two directors participated in the meetings. Contrary to appellants' contention, Manuel Moss had not resigned nor did he ever resign as director. Although appellants contend that his resignation as secretary and treasurer is tantamount to a resignation as director, the contention is vain for the reasons that (1) the resignation was as secretary and treasurer to be effective after the meeting of May 3, 1946, and was never accepted and (2) he actually served as director thereafter. Appellants admitted at the trial that there were three directors but that only two were acting. If there were three directors and they did not all sign a waiver of notice and consent to the holding of the meeting, then in the absence of such notice to an absent director as is required by law the meeting was not duly assembled and its acts are not valid.

The board meetings of June 3, 1946, and June 1, 1947, were special; only two directors were present and the third director did not sign a waiver on the records of the meeting, nor was a notice of the meeting forwarded to him. The fact that the minutes were captioned "regular" is immaterial. The by-laws provide for regular meetings on the first Tuesday at 4 p. m. The meeting of June 3, 1946, was held on Monday and the meeting of June 1, 1947, was held on Sunday. Before a valid special meeting could have been held in either of the two years a notice of the proposed meeting should have been given to Manuel Moss or his waiver of notice should have been attached to the minutes of each meeting. The argument and supporting authorities (*Porter* v. *Lassen County Land & Cattle Co.*, 127 Cal. 261 [59 P. 563] and *Pennington* v. *George W. Pennington Sons*, 27 Cal.App. 57 [148 P. 947]) that the vote of a majority of an existing though depleted board is a valid exercise of the directive powers of a corporate board are not pertinent where there exists a full board and the meeting has not been properly called.

By virtue of such irregularities the assessments levied on the two dates are void. (*Cheney* v. *Canfield*, 158 Cal. 342 [111 P. 92, 32 L.R.A.N.S. 16].) Of course, if the assessments

were void the attempt of the corporate officers either to sell or to cancel the shares under the purported assessment are void. ■ Since all the shares cancelled for nonpayment of the purported assessments in 1945, 1946 and 1947 were in good standing on April 19, 1948, and since holders of only 154 shares were given advance notice, the stockholders' meeting on that day for the purpose of electing directors was not duly assembled.

Appellant contends that if the assessments were legally levied the certificates of the delinquent shares were properly cancelled. Such argument is irrelevant in view of the conclusion that the assessments were not valid. The decision in *Castello* v. *Central Eureka Mining Co.*, 85 Cal.App.2d 772 [193 P.2d 968], settled the question of the sufficiency of a resolution levying an assessment and of the notice of the assessment. The legality of the meeting which levied the assessment there was not questioned.

■ Aside from the failure of the directors properly to assemble their meeting of 1947 it was illegal on account of another defect in the assessment and a consequent defect in the stockholders' meeting of April, 1948. From the corporation's financial statement of January 1, 1947, there were 631 shares outstanding. It is also established that on 200 shares the assessments of 1946 were paid. Since holders of only 154 shares were notified of the 1947 assessment, it was thereby rendered invalid even though the directors' meeting of 1947 had been duly assembled.

■ Still another vice in the assessment of 1947 is found in the failure to assess 300 shares standing in the name of Shell Realty Corporation. They were purchased in 1946. Since they were either not assessed in 1947 or if assessed they were not cancelled for nonpayment, the discriminatory character of the board's action rendered it illegal.

■ Appellants contend that the court erred in denying their motion to reopen the case. The court had fully discussed the merits of the action and given reasons for finding against appellants when their counsel made his motion stating that ''I can probably show a resignation by Mr. Moss subsequent to that time.'' The court's denial was based upon the observation that where a corporation has kept its minute book ''in a very informal and irregular manner'' the court should stand ''on the record as it now exists.'' There was no abuse of discretion.

■ Appellants complain of the form of the judgment and

because it is designated "judgment" and requires the directors to do indefinite acts. It is true that the statute (Corp. Code, § 2238) uses the phrases: "the court may determine the person entitled to the office of director or may *order* a new election . . . and direct such other relief as may be just and proper." If the court "determines" a fact it thereby makes a finding. If it directs the directors to do an act or acts it makes an "order" even though the decree is captioned a "judgment." The order that the board "shall call a meeting of the stockholders for the purpose of electing a board of directors . . . within thirty days from the notice of entry of judgment; that the board . . . do every act necessary so that said meeting shall be a valid meeting" requires nothing more to be done than to comply with the law and with the by-laws of the corporation. It is true that Manuel Moss is not a party to the action but that does not prevent a finding that he is a member of the board nor does it relieve appellants of the duty of dealing with him as a director. Compliance with the judgment requires no unreasonable effort on the part of appellants or of the board.

■ Appellants assign as prejudicial errors two orders for the rejection and admission of certain evidence. The evidence rejected was the testimony of the accountant who had examined the books about April 1, 1948. He informed appellants' counsel that the stock authorized to be issued to Shell Realty Corporation was not pursuant to the permit of September 10, 1946. The testimony offered was the accountant's recollection of the commissioner's interpretation as to whether the issue of certain shares was valid despite the fact that they were issued prior to the performance by the corporation of a condition precedent specified in the permit. Such testimony would have been hearsay and also incompetent as an attempt to decide a legal question for the court. The decision in *People* v. *Ferguson,* 134 Cal.App. 41 [24 P.2d 965], is inapplicable. There the advice of the Commissioner of Corporations was admitted to show the good faith of the accused.

■ As to the assignment of the ruling which admitted evidence objected to, the witness Moss was over objection allowed to tell that the Shell Realty Corporation never paid assessments on its 300 shares. Appellants contend that (1) the negative answer was "of course *No*" since the Shell Realty could not have paid an unlevied assessment; (2) "had a jury been present the answer could have been highly prejudicial." But no jury was present and the court's decision was not based

upon the negative answer to the question, but rather upon a consideration of all the facts in evidence.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied May 26, 1950, and appellants' petition for a hearing by the Supreme Court was denied July 6, 1950.